(No. 2348.   Aug. 19, 1919.)

## GRIFFIN et al. v. JONES.

Rehearing Denied Sept. 29, 1919.

### SYLLABUS BY THE COURT

1. An order granting a temporary injunction, until the final hearing of the case, does not practically dispose of the

merits of the action, and consequently is not an appealable order under section 2, c 43, Laws 1917.     P. 606

2.   Unless the case comes within some special statutory provisions to the contrary, an appeal will not lie from an order or decree granting, continuing, refusing, dissolving, or refusing to dissolve, a preliminary injunction, or from any other mere interlocutory order or decree.     P. 606

Appeal from District Court, Otero County; Medler, Judge.

Suit by Thomas M. Jones against William A. Griffin and another to enjoin the erection and maintenance of a fence upon government land.  Defendant's motion to dismiss the order to show cause and their demurrer to the complaint overruled, and temporary restraining order issued until final hearing of the cause, and defendants · were granted an appeal on filing a supersedeas bond, plaintiff's motion to set aside the order granting an appeal and fixing the supersedeas sustained in part, and plaintiff required to execute an indemnifying bond, and plaintiff's motion to docket and affirm judgment of the lower court granted, and defendants move to set aside the order or affirmance.   Order docketing and affirming the cause set aside, and appeal dismissed.

HOLT & SUTHERLAND, of Las Cruces, for appellants.

J. LEE LAWSON, of Alamogordo, and D. K. SADLER, of Santa Fe, for appellee.

### OPINION OF THE COURT

ROBERTS, J.   On November 1, 1918, appellee filed his amended complaint in the district court of Otero county against appellants, in which he asked for an order citing the appellants to show cause why they should not be enjoined from erecting and maintaining a fence upon government land particularly described in the complaint.   An order was issued directing the appellants to show cause on the 25th day of November, 1918, why such an injunction should not issue as prayed.   On

said date the appellants appeared and moved to dismiss the order to show cause, which motion was overruled by the court. Thereupon they filed a demurrer to the complaint which was overruled. Thereafter the court heard the parties on the order to show cause, and after hearing issued a temporary restraining order, restraining the appellants from maintaining the fence in question "till the final hearing in this cause," and by the order giving the appellants ten days in which to take down the fence described in the order.

The appellants excepted to the orders and rulings of the court prayed for, and were granted an appeal to the Supreme Court upon filing a supersedas bond in the sum of $5,000.

On the 6th day of December upon motion of the appellants the court entered an additional order as of November 25th, showing that the appeal was taken in open court. On December 30, 1918, appellee moved the court to set aside the order theretofore entered on the 6th day of December as of the 25th day of November, granting an appeal and fixing a supersedeas, which was sustained by the court in so far as it fixed the amount of the supersedeas bond and stayed the execution. At the same time appellants asked the court to further set aside the order of November 25th, "wherein they elected to stand upon their demurrer and motion going to the jurisdiction of the court determined against said defendants in said order of November 25th, and asked the court for leave to answer herein, which motion of said defendants is granted." (The foregoing quotation is taken from the order.) The court also required the appellant to execute an indemnifying bond in the sum of $5,000 to save harmless the appellee on account of any damages which might accrue in the event said injunction be determined on final hearing to have been improperly issued.

On January 30, 1919, Judge R. R. Ryan, acting as judge of the Sixth judicial district, at the request of the

Hon. Edwin Mechem, the successor in office of the judge who made the foregoing orders, entered an order setting aside the order of December 13, 1918. On February 19, 1919, appellee filed a skeleton transcript of record in this court and moved the court to docket and affirm the judgment of the lower court for failure of the appellants to file transcripts within 60 days from the time of taking the appeal, viz., November 25, 1918. The order was granted, and the cause was docketed and affirmed.

On February 21st, appellants filed a motion, asking the court to set aside the order docketing and affirming the cause upon the theory that their right of appeal was suspended by the order made on December 30th, and that the time should be counted from the 30th day of January, when the court set aside the order of December 30th. It is conceded by both parties that the appeal was taken under section 2, chapter 43, Laws 1917, the portion of such section involved in this case reading as follows:

"Sec. 2. Appeals shall also be allowed to the district court, and entertained by the Supreme Court, in all civil actions, from such interlocutory judgments, orders or decisions of the districts courts, as practically dispose of the merits of the action, so that any further proceeding therein, would be only to carry into effect such interlocutory judgment, order or decision."

[1,2] And, if the appeal were allowable, it must necessarily have been under this section, for the order appealed from shows upon its face that it was not a final judgment. It does not appear from the order that the appellants elected to stand upon their demurrer to the complaint, and no final judgment was entered against them. When the cause was docketed and affirmed on motion of appellee, no examination was made of the order appealed from, and it was taken for granted that it was an appealable order. Upon the motion now before the court to set aside the order of affirmance, all the pleadings and proceedings in the lower court were brought before the court, and, upon examining the order in question, we are convinced that it was not such an in-

terlocutory judgment, order, or decision of the district court as was appealable. The statute only permits an appeal from such interlocutory judgments, orders, or decisions as practically dispose of the merits of the action so that any further proceedings therein would be only to carry into effect such interlocutory judgment, order, or decision. The order in question simply granted a temporary restraining order, which was to continue in force until the final hearing of the case. An order granting a temporary injunction until a final hearing of the case does not practically dispose of the merits of the action, and consequently is not an appealable order under section 2, chapter 43, Laws 1917.

In the case of Otto-Johnson Mercantile Co. v. Garcia, 24 N. M. 356, 174 Pac. 422, this court considered the question as to appealable interlocutory orders, and it was there held that an order denying a motion, for leave to dismiss a cause, filed by a plaintiff, was not appealable.

In the case of Stephenson v. County Commissioners, 24 N. M. 486, 174 Pac. 739, it was held that a motion to strike a motion to quash a writ of replevin, which, was sustained by the court, was not appealable.

Certainly the order in question overruling the demurrer to appellee's complaint and granting the temporary injunction did not dispose of the merits of the action, for appellants had the right to file an answer and go to a final hearing. In 3 C. J. 558, in dealing with the question as to when an appeal will lie from an order granting or refusing an injunction, it is said:

"Unless the case comes within some special statutory provisions to the contrary, an appeal will not lie from an order or decree granting, continuing, refusing, dissolving, or refusing to dissolve, a preliminary injunction, or from any other mere interlocutory order or decree."

From the foregoing it clearly appears that the order in question was not appealable, and for this reason the court should not have docketed and affirmed the cause.

By an affirmance herein all that would be determined would be that the court properly sustained the demurrer and granted the temporary injunction.    The matter would still be pending in the district court and awaiting a final hearing.

For the reason stated, the order docketing and affirming the cause will be set aside, and the appeal will be dismissed; and it is so ordered.

PARKER, C. J., concurs.

RAYNOLDS, J., being absent, did not participate in this opinion.