## No. 12,473.

GOERKE *v.* BOARD OF TRUSTEES OF THE TOWN OF
MANITOU ET AL.

(4 P. [2d] 909)

Decided October 13, 1931.

Mr. GEORGE B. GOULD, for plaintiff in error.

Mr. C. W. DOLPH, for defendants in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

APRIL 2, 1929, plaintiff in error Goerke was elected a member of the board of trustees of the town of Manitou, an incorporated town under our general municipal corporation statute. He qualified as such a few days thereafter. In August, 1929, charges were filed against him which, it is said, operated to disqualify him longer to

hold the office. Hearing thereof was had by the town board. The charges were denied by Goerke and upon the hearing evidence was taken and the board of trustees sustained the charges and ousted Goerke from office. Soon thereafter he applied to the district court of El Paso county for, and obtained, a writ of certiorari for a review of this adverse judgment of ouster. Upon issues joined the district court found against Goerke and dismissed the action.

Goerke sued out the pending writ of error October 1, 1929. December 20, 1929, the same was dismissed for a failure to prosecute. January 6, 1930, Goerke filed a motion asking that the cause be reinstated and the application was granted and the cause reinstated on the docket of this court. After the briefs of the respective parties on the merits were filed, and on March 14, 1930, Goerke's motion to advance the cause for hearing was denied.

Although this application for a reinstatement of the cause was granted, it is doubtful, as will presently appear, if it would have been entered had we then been advised of the full facts hereinafter mentioned. The case is now admittedly moot and even if the judgment under review should be set aside, the relief he asks for could not be awarded to Goerke. He was, as already stated, elected a member of the town board at the town election in April, 1929. By the statute then and now in force, the term of office was for two years. Our General Assembly, at its 1929 session amended section 9061, C. L. 1921, which was in force when the plaintiff was elected as trustee, and the act as amended provides that at the municipal election on the first Tuesday of April in the year 1930, there shall be elected in incorporated towns a mayor for the term of two years and six trustees for the term of two years. This act, S. L. 1929, p. 633, had the emergency clause attached and became effective on the day of its passage, March 26, 1929. It thus appears that Goerke's term of office, to which he was elected in April, 1929, terminated April 1, 1930. In the

absence of anything in this record to the contrary, we must assume that the town election in Manitou was held April, 1930, under and by virtue of the requirement of the amended statute referred to, which became effective March 26, 1929. Plaintiff in error himself, in his motion to advance the cause in this court for final hearing, admits that the election in the town of Manitou, held in April, 1930, ended the term of office of the town trustees then in office, and advanced that as one reason why this court should advance the cause upon its docket.

The writt of error is therefore dismissed.