41 P.(2d) 1107

## STATE v. VOGEL.

### No. 4057.

Supreme Court of New Mexico.

Feb. 18, 1935.

Mechem & Hannett, of Albuquerque, for appellant.

E. K. Neumann, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

SADLER, Chief Justice.

The state as appellee has moved to dismiss this appeal upon the ground that the questions involved therein have become moot. The proceeding was a statutory one before the district court of McKinley county to remove defendant (appellant) as a member of the board of trustees of the town of Gallup. The defendant, having been found guilty by the jury trying the charges preferred against him, was removed from office under a judgment of removal entered in said cause on the 23d day of March, 1934. His term of office expired very shortly after entry of the judgment of removal. The contention is that since defendant's tenure in the office from which he was removed has expired, all questions involved on the appeal subsequently taken have become moot.

It is necessary to consider the nature of the accusation against defendant to pass upon the merits of the motion. The case was tried upon the state's first amended presentment, defendant's answer, and the state's reply thereto. Briefly, the presentment charged that defendant as a member of the board of trustees of the town of Gallup intervened with the chief of police of said town to halt the prosecution and secure the discharge of certain female inmates of the Angelus Hotel in Gallup after their arrest upon a charge of prostitution.

The defendant made a general denial of each material allegation in the presentment, and entered a plea of not guilty at the trial. The jury returned a verdict finding him guilty, and pursuant to verdict judgment of removal was duly entered against him.

The defendant, as appellant in this court, has proceeded with due dispatch in perfecting his appeal from said judgment and has filed his brief herein, setting out the points relied upon for reversal. The points so relied upon go to the merits of the judgment rendered against him.

It is quite obvious that even should he ultimately prevail no effective relief can be awarded him, his term of office having expired. The defendant, conceding that such is the case, urges upon us, however, that "if there is some substantial right of the appellant which will become prejudiced by allowing the decision below to stand, the court will not dismiss the case." He cites the cases of New Mexico Motor Corporation v. Bliss, 27 N. M. 304, 201 P. 105, and Massengill v. City of Clovis, 33 N. M. 394, 268 P. 786, and argues that the judgment amounts to an impeachment of his good name and reputation calculated seriously to prejudice his future activities in life, if allowed to stand.

■ It is too well established to admit of controversy that a review will not be granted where the questions involved, either by time or circumstance, have become moot. Our decisions reflect many applications of the principle. Carman v. Board of Com'rs of McKinley County, 32 N. M. 517, 259 P. 821; State ex rel. Mirabal v. Greer, 37 N. M. 292, 21 P.(2d) 819; State ex rel. Hughes v. McNabb, 38 N. M. 92, 28 P.(2d) 521.

Authorities from other states have applied the doctrine in cases of the very kind now before us, viz., judgments of removal from office. Rollins v. League for Honest Elections, 46 Colo. 47, 102 P. 744; Goerke v. Board of Trustees of Town of Manitou, 89 Colo. 510, 4 P.(2d) 909, 910; Fellows ex rel. Cummings v. Eastman, 126 Me. 147, 136 A. 810; State v. Jones, 81 W. Va. 182, 94 S. E. 120. See, also, 3 C. J. 364.

In the case of Goerke v. Board of Trustees of Town of Manitou, supra, the plaintiff in error had been removed as a town trustee upon a hearing of charges filed against him. He sued out a writ of error. Before consideration thereof by the Supreme Court his term of office expired. The writ was dismissed upon suggestion of this fact, the court saying: "The case is now admittedly moot, and even if the judgment under review should be set aside, the relief he asks for could not be awarded."

It is suggested by counsel that unless we entertain the appeal the judgment will operate under the doctrine of res adjudicata to prejudice him in some collateral action he may wish to pursue in vindication of his good name. Under the authorities cited supra, it is doubtful if even this consideration would withstand the merits of the motion to dismiss.

Nevertheless, while deeming the expiration of defendant's term of office to have rendered moot the questions involved on the appeal, under the authority of Noce v. Noce, 35 N. M. 156, 291 P. 293, our order of dismissal will be without prejudice to the defendant's rights in any collateral action he may wish to take in the behalf mentioned.

It is so ordered.

HUDSPETH, BICKLEY, and WATSON, JJ., concur.

ZINN, J., did not participate.