394 P.2d 273

Keith HAMMAN, Dorothea Burns, and Don Kuper, on behalf of themselves and all other residents and property owners in Clayton Municipal School District No. I of Union and Quay Counties, New Mexico, similarly situated, Petitioners-Appellants,

v.

CLAYTON MUNICIPAL SCHOOL DISTRICT NO. I, UNION COUNTY, New Mexico, and Don R. Wood, Superintendent, Defendants-Appellees.

No. 7571.

Supreme Court of New Mexico.

July 27, 1964.

Rowley, Breen & Bowen, Tucumcari, John Humphrey, Jr., Fort Sumner, for appellants.

Krehbiel, Alsup & Beck, Clayton, for appellees.

CARMODY, Justice.

Appellants sought in the district court to enjoin the sale of certain school district bonds and appealed from the trial court's judgment dismissing the complaint.

The suit was grounded upon the fact that the Clayton Municipal School District in-

cluded lands in two counties and that the appellants' grazing land in Quay County was assessed at $2.00 per acre, whereas similar grazing land in the same school district in Union County was assessed at $1.50 per acre, and that therefore appellants would have to pay an unequal tax upon property of the same class.

The trial court concluded that it was without jurisdiction to consider the cause, but appellants urge before us that the injunction should have been granted for the reason, among others, that the levies to pay off the bonds violated § 1 of art. VIII of the New Mexico Constitution. The hearing in the trial court was upon stipulation, one of the stipulations being that the valuations in Quay and Union Counties were as above stated. However, in appellees' answer brief, it was stated that, since the appeal, the assessment in Union County has been raised from $1.50 per acre to $2.20 per acre. In their reply brief, appellants took note of this comment and stated, "If this has been done, it would seem that this case is now moot and should be dismissed."

A stipulation by counsel and an affidavit by the chairman of the board of county commissioners of Union County have now been filed, showing that the valuation in Union County has been raised for the calendar year 1964 from $1.50 per acre to $2.20 per acre. It is obvious from this stipulation that, insofar as the appellants are concerned, the case is moot and they have no further claim of error, even assuming (which we do not) that their suit was well-founded in the first place.

As applied to this case, the statement made in La Salle Nat. Bank v. City of Chicago, 1954, 3 Ill.2d 375, 121 N.E.2d 486, is directly in point:

"A case is moot when it does not involve any actual controversy. * * * Where the issues involved in the trial court no longer exist, an appellate court will not review a case merely to decide moot or abstract questions, to establish a precedent, or to determine the right to, or the liability for, costs, or, in effect, to render a judgment to guide potential future litigation. * * *"

See also State ex rel. Woods v. Montoya, Co. Treas., 1918, 23 N.M. 599, 170 P. 60; Page v. Town of Gallup, 1920, 26 N.M. 239, 191 P. 460; and Mountain States Beet Growers' Marketing Ass'n v. Wagner, 1926, 79 Colo. 604, 247 P. 804.

The facts rendering the case moot do not necessarily have to appear from the record, but may be proved by extrinsic evidence, such as here, by affidavit and stipulation. See La Salle Nat. Bank v. City of Chicago, supra.

The appeal will be dismissed.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.