394 P.2d 265

**GAC FINANCE CORPORATION,**
Plaintiff-Appellee,

v.

**Joe M. RUBIDOEAUX, Defendant-Appellant.**

**No. 7455.**

Supreme Court of New Mexico.

July 27, 1964.

Joe M. Rubidoeaux, pro se, appellant.

No appearance for appellee.

NOBLE, Justice.

Defendant-appellant has appealed from an order of the district court dismissing defendant's appeal from a judgment by a justice of the peace.

Plaintiff-appellee filed its claim against defendant for $200.00 before a justice of the peace who rendered judgment against him in plaintiff's favor for the sum of $200.00, with costs of $6.50, and garnishment costs of $10.00. Appellant has appeared here, as well as in the district court, pro se. Appellee has failed to file an answer brief as required by Supreme Court Rule 15. If appellant was represented by counsel, this appeal would be dismissed as de minimis.

Defendant's appeal to the district court was solely upon the ground that Art. VI, Sec. 26, of the New Mexico Constitution limits the civil jurisdiction of justices of the peace to matters "in which the debt or sum claimed" shall not exceed $200.00, exclusive of interest, and that a justice of the peace is without jurisdiction to award a judgment which exceeds the $200.00 limit solely by the amount of the costs of the action.

The constitutional limitation on civil jurisdiction of justices of the peace is limited to the "debt or sum claimed." The words "debt or sum claimed," it is clear, were not intended by the constitution to be synonymous with "judgment." Marshall-Wells Hardware Co. v. New Era Coal Co., 13 N.D. 396, 100 N.W. 1084. Costs are a matter of statutory right to reimburse a successful litigant for expenses incurred in prosecuting or defending an action. Bruegge v. State Bank of Wellston (Mo.) 74 S.W.2d 835, 842; Bergman v. State, 187 Wash. 622, 60 P.2d 699, 700, 106 A.L.R. 1007.

The order appealed from should be affirmed and it is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.