397 P.2d 471

**RIO ARRIBA COUNTY BOARD OF EDUCATION and Silviano Romero, Mrs. Ismael Maes, Siby Lucero, Norberto E. Martinez and Sixto Valdez, the Members thereof, Plaintiffs-in-Error,**

**v.**

**Willie MARTINEZ, Eluid Vasquez, Bailon Herrera, Don M. Valdez, Irene T. Salazar, Sabinita T. Martinez and Elias Romero, Defendants-in-Error.**

**No. 7464.**

Supreme Court of New Mexico.

Oct. 13, 1964.

Rehearing Denied Jan. 4, 1965.

Standley, Kegel, Campos & Cook, Santa Fe, for plaintiffs-in-error.

Bigbee & Byrd, John A. Mitchell, Santa Fe, Chacon & Melendez, Espanola, Matias A. Zamora, Charles S. Solomon, Santa Fe, for defendants-in-error.

CARMODY, Justice.

By writ of error, we are asked to review the action of the district court in granting a temporary restraining order, which enjoined the transfer of certain teachers "until a final determination of the validity of such transfers by a competent tribunal within the contemplation of the statutes of the State of New Mexico."

In order to bring this matter into some sort of understandable perspective, it is necessary to relate certain background.

In the Spring of 1963, the Rio Arriba county board of education ordered that seven school teachers (defendants-in-error) be assigned to teach in different schools than those in which the teachers had formerly taught. The teachers protested the transfers, and were granted a hearing by the county board, which, however, reaffirmed it decision. Thereupon, the teachers undertook an appeal to the state board of education. The state board determined to grant the appeals and to hold a hearing; but before the actual hearing, the county board filed suit in the district court of Santa Fe County, to restrain the state board from hearing the appeals. Prior to any hearing in the district court in the case against the state board, the state board brought an original prohibition proceeding before us, ask-

ing that the district court be prohibited from interfering with the hearing before the board on the appeals. In the meantime, of course, several months had elapsed, and the teachers, who were not actual parties to any of the above proceedings, filed a complaint in the district court of Rio Arriba County, seeking an injunction against the county board from transferring the teachers pending the final disposition of the question as to the legality or illegality of the transfers. This particular case was filed before the original prohibition proceeding before us, and was actually the commencement of the proceeding which we are now considering on writ of error. The disqualification of the two resident district judges, and the designation of a non-resident judge, caused considerable delay, as a result of which the instant case was not heard in any sense until after the argument in the original prohibition case before us, but prior to the announcement of our decision. The opinion by this court in State ex rel. State Board of Education v. Montoya, 73 N.M. 162, 386 P.2d 252, was filed on September 16, 1963, and the hearing in the instant case was concluded the evening of September 9, 1963, the order being filed in the office of the clerk the following morning.

Thus, at the time of the district court hearing, it was not known whether the state board of education had the power, under the facts of that case and under the statutes, to determine the validity of the transfer of the teachers. This was the issue in State ex rel. State Board of Education v. Montoya, supra, which was still within the bosom of this court. At that time, neither the able trial judge nor the attorneys had any way of knowing that this court, in the Montoya case, would determine that the state board had no power to hear the teachers' appeal. Actually, counsel for the teachers seemed confident that our Montoya opinion would hold that the state board had the authority to hear the case on its merits, but utilized the words "a competent tribunal" with realistic caution in case they were wrong.

Nevertheless, apparently in line with their contention that the state board had jurisdiction, the teachers amended their pleadings. The original petition sought a temporary and permanent injunction to prohibit the county board from transferring the teachers and a final determination of the merits of the controversy. However, some three days before the actual hearing before Judge Armijo (the judge sitting by designation), the teachers filed an amended complaint, which plainly, both upon its face and in its prayer, sought only to preserve the status quo of the non-transfer of the teachers pending a determination of the validity or invalidity of the transfers "by a competent tribunal." Thus the teachers abandoned their original claim and merely sought an injunction until some other tribunal could determine the merits of the controversy.

It is to be regretted that the litigation between the parties cannot be disposed of at this time, particularly in view of the able presentation of the case by counsel. Nevertheless, there are two strictly legal issues which demand solution by us prior to reaching the merits.

We are first called upon, by motion to dismiss the writ of error, to decide whether the order appealed from is one that can be appealed, the point being made by the teachers (defendants-in-error) that the order was merely interlocutory and therefore not appealable. We would observe that even though the case is before us upon writ of error, it is reviewable, if it is, in a like manner to an ordinary appeal. Milosevich v. Board of County Commissioners, 1942, 46 N.M. 234, 126 P.2d 298. Thus our rule, § 21-2-1(5) (2), N.M.S.A.1953, comes into play. The rule, insofar as pertinent, reads:

> "2. Appeals shall also be allowed * * * in all civil actions, from such interlocutory judgments, orders or decisions of the district courts, as practically dispose of the merits of the action, so that any further proceeding therein would be only to carry into effect such interlocutory judgment, order or decision. * * * "

The problem, insofar as the motion to dismiss is concerned, is whether the order entered by the trial court was one which practically disposed of the merits of the action.

We have carefully reviewed the entire record before us, including the statements of counsel in argument and the various rulings made by the trial judge during the course of the hearing, the legal arguments, and his final decision issued from the bench. It appears patent that at that time the trial judge was of the opinion that this particular case was at an end. The purpose of the temporary restraining order was to attempt to preserve matters in status quo, insofar as transfer of the teachers was concerned, only until some competent tribunal finally determined the validity, or invalidity, of the transfers. It appears from the transcript that, in the judgment of counsel for the teachers (although this was not joined in by counsel for the county board of education), the state board of education would be determined to have the right to pass upon the validity of the transfers. At one point in the hearing, one of the attorneys for the teachers stated that the only reason for the hearing in the cause then before the court was to "determine whether or not the teachers are entitled to have a status quo in regard to their positions until such time as the administrative board has an opportunity to look at it." It also appears that the attorneys for the teachers agreed that it made no difference how the supreme court decided State ex rel. State Board of Education v. Montoya, because that would have

no effect on Judge Armijo's jurisdiction in the instant case, since he was not to determine the validity of the transfers. Counsel admitted, in the district court hearing, that if we decided in State ex rel. State Board of Education v. Montoya that the state board had jurisdiction (which we didn't), then the validity of the transfers would have to be determined before that board; and if this court ruled against the state board (which we did), then "the matter should be decided in court in that particular proceeding, * * *" (referring to a case to be brought in the district court to pass upon the legality of the transfers). The fact that we later held that the state board could not hear the appeals cannot change the situation now, the important factor being that all counsel, and apparently the trial judge, felt that the question of the legality of the transfers would have to be determined before some different tribunal and not before the court in the instant case. It is obvious that no further proceeding at the time was contemplated, other than perhaps the enforcement of the temporary restraining order. Where no further judicial action on the part of the court is essential, then the decree entered by the court is a final one, Lyon v. Goss, 1942, 19 Cal.2d 659, 123 P.2d 11; and the court must look to the substance and not the form, Lyon v. Goss, supra, and Altschuler v. Altschuler, 1948, 399 Ill. 559, 78 N.E.2d 225, 3 A.L.R.2d 333.

Although defendants-in-error have cited several of our own cases which they claim require a determination that the instant order is not appealable, particularly Griffin v. Jones, 1919, 25 N.M. 603, 186 P. 119, we feel that it is clear that the trial court in Griffin did not intend the case to be at an end, but plainly contemplated further proceedings. The other cases cited are either obviously distinguishable or not in point.

■ The motion to dismiss is not well taken. The order of the district court, under the circumstances here existing, was, to all intents and purposes, final. Though denominated "Temporary Restraining Order," its effect, after State ex rel. State Board of Education v. Montoya, was to permanently restrain the county board from transferring the teachers until the teachers saw fit to present the case to "a competent tribunal" for determination. Cf. Brown v. Memorial National Home Foundation, 1958, 158 Cal.App.2d 448, 322 P.2d 600, 72 A.L.R.2d 997. Therefore, the case is reviewable on writ of error.

■ The other legal question presented has much more serious consequences, because our determination will, to all intents and purposes, require the parties to start anew. The board of education moved that we dismiss the cause as being moot, and, regretfully, we believe the motion is well taken. It is clear from the nature of the pleadings, the arguments of counsel, and the

relief granted that the temporary restraining order applied only to the 1963–64 school year. The record plainly indicates that the transfers were for the aforementioned year only, and the localities to which the teachers were to be assigned in the 1964–65 school year, or thereafter, is completely outside the scope of the case. Exhibits in the case refer only to the transfer to a different school "for the 1963–64 school term. * * *" Therefore, unfortunate as it may be, the final disposition of this cause must await another day. The 1963–64 school year having already come and gone, any determination made by us of the issues would be a decision on moot questions.

> "* * * a review will not be granted where the questions involved, either by time or circumstance, have become moot."—State v. Vogel, 1935, 39 N.M. 122, 41 P.2d 1107.

See also Mountain States Beet Growers' Marketing Ass'n v. Wagner, 1926, 79 Colo. 604, 247 P. 804; and Rubin v. Chicago South Shore & South Bend Railroad (7th Cir. 1954), 217 F.2d 177. Cf. Hamman v. Clayton Municipal School Dist. No. 1, 1964, 74 N.M. 428, 394 P.2d 273.

However, because of the involved situation in this case, to dismiss the writ without more would not be adequate, and the rights of the parties to take whatever further action they deem proper or necessary must be preserved. See State v. Vogel, supra, and La Salle Nat. Bank v. City of Chicago, 1954, 3 Ill.2d 375, 121 N.E.2d 486.

Therefore, the cause is remanded to the district court with directions to dismiss the complaint and dissolve the restraining order; without prejudice, however, to the rights of the defendants-in-error to take such further action as they may deem proper. Each of the parties shall bear their own costs. It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.