402 P.2d 153

Russel D. DANIELSON, Plaintiff-Appellant,

v.

Elwin F. MILLER, dba Roswell Imported
Cars, Defendant-Appellee.

No. 7683.

Supreme Court of New Mexico.

May 17, 1965.

Robert H. Wagner, Roswell, for appellant.

Sanders & Bruin, Roswell, for appellee.

GEORGE L. ZIMMERMAN, District Judge.

Plaintiff-appellant has appealed from an order, after judgment but prior to service of notice of appeal, of the district court approving an item of defendant-appellee's cost bill in the sum of $25.50 representing the expense of the original copy of the plaintiff-appellant's deposition taken by the defendant-appellee prior to trial.

Plaintiff-appellant does not contend that the lower court has no authority at all to award court costs upon the taking of a deposition but argues that the judicial statutory authority to award court costs is limited by statute in N.M.S.A.1953, § 25–1–7.

This statute provides:

"The fees of the county clerk for recording said depositions and certifying the same, shall be the same as are now allowed by law for recording and certifying deeds; and the fees of the witnesses shall be the same as are now paid to witnesses in the district court in civil cases, and the fees of the officers taking the depositions shall be five dollars ($5.00) per day for each day of actual and necessary service."

The foregoing statute must be construed in conjunction with N.M.S.A.1953, § 25–1–6:

"The costs and expenses of taking the depositions shall be audited and allowed by the officer taking the same, and such costs and expenses, together with the fees of recording and copying the same, shall be taxed in favor of the party or parties paying the same, and collected as other costs in the suit or suits in which such depositions, or any part thereof, may be used."

Plaintiff-appellant contends that "costs" and "fees" as used in the foregoing statutes are one and the same and that the lower court should not usurp the power of the New Mexico legislature by approving a deposition allowance in excess of $5.00 representing a one-day deposition expense.

Defendant-appellee contends that the $25.50 amount was for the service only of the officer taking the deposition and that the costs which were allowed was the actual expense of the original deposition and not the daily fee of the officer taking the deposition which should be in addition to the actual taking and transcription expense.

Both parties cite Davis v. Severson, 1963, 71 N.M. 480, 379 P.2d 774, which held in part:

"Concerning the deposition, the costs of which defendant was held to pay as part of the trial expense, it should be

sufficient to point out that under Rule 54(d) (§ 21–1–1(54) (d), N.M.S.A. 1953) the trial court is given a large measure of discretion. Our rule is identical with Rule 54(d) of Federal Rules of Civil Procedure, and it is there held that the cost of depositions may be taxed as costs if the taking of the deposition was reasonably necessary even though not used at the trial. * * No abuse of discretion is apparent or demonstrated in the allowance of the cost of taking the deposition of the man employed by plaintiff to make certain tests designed to demonstrate the speed of the death car. The fact that the witness appeared and testified and the deposition was not used to impeach him, or for any other purpose, does not alter the situation."

The parties agree that GAC Finance Corporation v. Rubidoeaux, 1964, 74 N.M. 417, 394 P.2d 265, has stated that costs are a matter of statutory right to reimburse a successful litigant for expenses incurred in prosecuting or defending an action.

Defendant-appellee finds solace in the statement made in La Salle Nat. Bank v. City of Chicago, 1954, 3 Ill.2d 375, 121 N.E. 2d 486 as approved in Hamman v. Clayton Municipal School Dist. No. 1, 1964, 74 N.M. 428, 394 P.2d 273:

"A case is moot when it does not involve any actual controversy. * * *

Where the issues involved in the trial court no longer exist, an appellate court will not review a case merely to decide moot or abstract questions, to establish a precedent, or to determine the right to, or the liability for, costs, or, in effect, to render a judgment to guide potential future litigation. * * * "

Plaintiff-appellant suggests that this court would not likely have quoted with approval the general statement in the foregoing case concerning review of costs if the issue in the case had been the lower court's authority to tax court costs in excess of statutory limitations and if the statutes cited to the court in this appeal had been, at that time, brought to the court's attention.

We conclude that there has been no abuse of discretion by the lower court in the assessment of costs and none has been suggested. We further conclude that the claim of legislative usurpation on the part of the court is unfounded.

■ The statutes to be construed in this action point out clearly, we believe, that "costs," "expenses" and "fees" are separate and distinct items and that the lower court correctly assessed the deposition expense as a proper item of legal court costs.

■ Expenses of deposition represent an economic item of outlay incurred. A fee is a charge fixed by law for the services of a public officer. Subsequent to trial and after performance or expenditure an "expense"

and a "fee" become legal "costs" as assessed by the court.

 The direction to the officer of the court, in § 25–1–6, N.M.S.A.1953, to audit and allow the costs and expenses is broad enough to approve the actual deposition expense if taken by the officer himself. A stenographer other than the officer of the court may in any case be reimbursed for the actual expense of taking a deposition and the officer supervising the taking of the deposition may be allowed a fee of $5.00 for each day of actual and necessary service.

 When the stenographer and the officer taking the deposition are one and the same person, the actual expense of taking the deposition is a separate and distinct charge from the appearance fee allowed by law. There is no prohibition against waiving the $5.00 per day appearance fee and accepting the stenographic remuneration as full and complete payment, or against separating the charges for the stenographic taking and preparing of the depositions from the $5.00 per day fee provided for the notary or other officer necessarily present and participating.

There being no error, the judgment is affirmed. It is so ordered.

COMPTON, J., concurs.

MOISE, Justice (specially concurring).

In Hamman v. Clayton Municipal School District No. 1, 74 N.M. 428, 394 P.2d 273, we quoted from La Salle Nat. Bank v. City of Chicago, 3 Ill.2d 375, 121 N.E.2d 486, to the effect that a case is moot when the only issue involved is one " * * * to determine the right to, or the liability for, costs * * *." This should be enough to dispose of this dispute—it does not deserve to be dignified by the term "case" or "appeal."

This is a de minimis non curat lex situation, if I ever saw one. The plaintiff, or his attorney, or both, are so convinced of the righteousness of their cause (the amount involved does not appear), or so bent on doing defendant injury, that they paid a $20.00 docket fee in this court, and presented a record costing $28.75 in order to avoid paying $20.50. A small amount of consideration for this court and its volume of work—most of which is relatively important—would seem to dictate suppression by plaintiff of his urge to appeal. We, in turn, should not spend time considering the insignificant issue presented. Plaintiff lost his case, and has not appealed on the merits. No principle of law is at stake. I doubt if plaintiff is motivated by any desire to preserve the constitutional division of powers or to prevent judicial encroachment on the legislature, argued as the basis on which the trial court should be reversed. Rather, he is bent on causing appellee expense, or in proving the trial judge wrong. Neither

reason merits the time and effort already expended in preparing an opinion. I think Justice Sadler's language in his dissent in Sellman v. Haddock, 62 N.M. 391, 310 P.2d 1045, 1053, is worth noting.

I agree with the result reached in the opinion, as well as the reasoning employed, but do not concur therein because of my strong feeling that the matter is not one deserving of the consideration given and time required to promulgate the opinion. Rather, the order appealed from should have been summarily affirmed, or the appeal dismissed. In either event it should have been done without opinion. I concur in the result.