430 P.2d 778

**Henry J. HUGHES, Plaintiff-Appellee,**

v.

**Boyd W. WEST and Helen M. West, Defendants-Appellants.**

**No. 8360.**

Supreme Court of New Mexico.

July 31, 1967.

Manuel A. Sanchez, Santa Fe, for appellants.

Matias A. Zamora, Santa Fe, for appellee.

OPINION

CARMODY, Justice.

This appeal is solely from a judgment awarding costs to the plaintiff in a suit to quiet title. The defendants object to the assessment against them of the entire filing fee of $12.50, the service fee upon two witnesses of $6.00, and an award of an expert-witness fee in the sum of $104.00.

The statute, § 22–14–7, N.M.S.A. 1953, insofar as is pertinent here, provides that the defendant in a suit to quiet title, if he appears and disclaims, shall recover his costs; then the section reads, "and in all other cases the costs shall be in the discretion of the court." It is not contended that the defendants disclaimed; therefore, the awarding of costs was in the discretion of the trial court. Cf., Corman v. Cree (10th Cir. 1938), 100 F.2d 486.

Defendants seem to contend, particularly with reference to the award of the

282

expert-witness fee, that the calling of the expert (who was a surveyor) was unnecessary, because the plat prepared by the expert had been stipulated to by the parties. The trial court stated that it wanted to have the benefit of the expert's testimony, "even in spite of the stipulation." In view of this statement and other matters appearing in the record which we need not relate, we do not feel that there was an abuse of discretion on the part of the trial court in awarding this fee or the other items assessed. Under the statute and our cases, the assessing of costs is discretionary with the trial court. Mills v. Southwest Builders, Inc., 1962, 70 N.M. 407, 374 P.2d 289; Farmers Gin Company v. Ward, 1964, 73 N.M. 405, 389 P.2d 9; Lanier v. Securities Acceptance Corporation, 1965, 74 N. M. 755, 398 P.2d 980; Loucks v. Albuquerque National Bank, 1966, 76 N.M. 735, 418 P.2d 191. And we note with approval the special concurring opinion by Justice Moise in Danielson v. Miller, 1965, 75 N.M. 170, at 173, 402 P.2d 153, as especially apropos here.

The judgment should be affirmed. It is so ordered.

COMPTON, J., and WALDO SPIESS, J., Court of Appeals, concur.