431 P.2d 490

**TEXAS PACIFIC OIL COMPANY, a Division of Joseph E. Seagram & Sons, Inc., a corporation, Plaintiff-Appellee,**

v.

**A. D. JONES ESTATE, INC., a corporation, Defendant-Appellant.**

No. 8299.

Supreme Court of New Mexico.

Sept. 1, 1967.

Norton & Ingraham, Lovington, for appellant.

John F. Russell, Roswell, for appellee.

OPINION

CHAVEZ, Chief Justice.

Injunctive relief was sought in the trial court by plaintiff-appellee Texas Pacific Oil Company, to restrain defendant-appellant A. D. Jones Estate, Inc., from interfering with the commencement of drilling operations. A temporary restraining order and order to show cause were issued against appellant upon ex parte application of appellee. After a full trial of the issues, the trial court entered a "temporary injunction," from which appellant appeals.

Appellee filed a complaint alleging it had a right to enter upon and commence drilling a well on certain land, the surface of which was owned by appellant ranching corporation, under a state patent which was subject to certain existing rights and easements. One such right was the reserving to the State of New Mexico of the oil and gas and other minerals, together with the right of the State to authorize persons to prospect for, mine, produce and remove said minerals. Appellee alleged in its complaint that its right to be on the land was derived from an oil and gas lease issued by the State to Vickers Petroleum Company, Inc. Appellee further alleged that it had notified appellant of its intention to drill a well, started making preparations to do so, when appellant notified appellee not to enter upon said lands for the construction of a road or well site. Appellee asked the trial court for an immediate temporary restraining order preventing further "interference" by appellant. After notice by a preliminary or temporary injunction and, after final hearing, a permanent injunction followed.

Appellee furnished a bond in the amount of $1,000 and the district court of Lea County issued an ex parte temporary restraining order and order to show cause. After a full hearing on the issues, the trial court entered an order providing:

"1. The temporary injunction prayed for by the plaintiff should issue.

"IT IS THEREFORE ORDERED that the defendant, its agents, servants and employees be restrained, pending further order of the Court, from inter-

fering by word, act or deed with the plaintiff, its contractors, agents, servants or employees in entering upon all of the land described in plaintiff's complaint and conducting such work thereon as may be reasonably necessary for the development of said land for oil, gas and other minerals."

By a motion to dismiss, we are first called upon to decide whether the order appealed from is appealable. The arguments presented in the supporting and opposing briefs to the motion are essentially similar to the arguments made under point I of appellant's brief in chief and appellee's answer brief. Therefore, the motion to dismiss and point I will be considered together. Appellant's point I is:

"THE SO–CALLED 'TEMPORARY INJUNCTION' ISSUED BY THE COURT BELOW ON JULY 7, 1966, FROM WHICH THIS APPEAL HAS BEEN TAKEN, RESTRAINED THE DEFENDANT INDEFINITELY AND PRACTICALLY DISPOSED OF THE MERITS OF THE ACTION SO THAT ANY FURTHER PROCEEDING THEREIN WOULD ONLY BE TO CARRY INTO EFFECT SUCH ORDER, NO FURTHER ISSUES REMAINING TO BE LITIGATED, AND IS AN APPEALABLE ORDER UNDER RULE 5(2) OF THE SUPREME COURT RULES."

In support thereof appellant cites Rio Arriba County Board of Education v. Martinez, 74 N.M. 674, 397 P.2d 471.

The pertinent portion of Supreme Court Rule 5(2) (§ 21–2–1 (5) (2), N.M.S.A., 1953 Comp.) is:

"2. Appeals shall also be allowed by the district court, and entertained by the Supreme Court, in all civil actions, from such interlocutory judgments, orders or decisions of the district courts, as practically dispose of the merits of the action, so that any further proceeding therein would be only to carry into effect such interlocutory judgment, order or decision. Appeals shall also be allowed by the district court, and entertained by the Supreme Court, from all final orders affecting a substantial right made after the entry of final judgment."

Insofar as the motion to dismiss and point I of the appeal are concerned, the question is whether the order entered by the trial court was one which practically disposed of the merits of the action.

An examination of the briefs filed in this case reveals that both appellee and appellant consider Rio Arriba County Board of Education v. Martinez, supra, to be decisive. In that case this court held a "temporary restraining order" to be appealable under Supreme Court Rule 5(2), where the order was, to all intents and purposes, final and one which practically disposed of the merits of the action, leaving nothing further to be litigated. The reason for the decision in that case was because the court found that, while the order was denominated a "temporary restraining order," its effect, after our decision in State ex rel. State Board v. Montoya, 73 N.M. 162, 386 P.2d 252, was to permanently restrain the county board of education. Some of the factors which apparently aided the court in arriving at its decision are stated as follows:

"* * * It appears patent that at that time the trial judge was of the opinion that this particular case was at an end. * * * [T]he important factor being that all counsel, and apparently the trial judge, felt that the question of the legality of the transfers would have to be determined before some different tribunal and not before the court in the instant case. * * *"

Further, in Rio Arriba County Board of Education v. Martinez, supra, in distinguishing Griffin v. Jones, 25 N.M. 603, 186 P. 119, in which a motion to dismiss an ap-

·peal from a temporary injunction was granted, this court stated:

"\* \* \* [W]e feel that it is clear that the trial court in Griffin did not intend the case to be at an end, but plainly contemplated further proceedings. \* \* \*"

Thus, the test that appears to have been established in Rio Arriba County Board of Education v. Martinez, supra, is whether the parties to the suit contemplated further proceedings. Application of this test to the situation in the instant case reveals that both appellee and appellant, as well as the trial judge, apparently contemplated further proceedings. The complaint filed by appellee indicates he contemplated further proceedings. It also appears that appellant and the trial judge contemplated further proceedings, because of the following statements made in court:

"MR. NORTON: The hearing today is on the injunctive relief only. I believe we have agreed to that there'd be no damage today consideration. They will be subject to the later litigation in this action. I believe we agreed to that and I'd like for a stipulation that a Jury will be ordered for the damage question. I believe we'll have a right to ask for one.

"\* \* \*

"THE COURT: An action at law. This will come about through a cross-complaint or counter-claim?

"\* \* \*

"THE COURT: You're both satisfied that you're entitled to a Jury as a matter of law?

"\* \* \*

"THE COURT: Then, the Court will approve this Motion, sustain it."

Based on the foregoing, we do not believe the temporary injunction from which this appeal was taken is appealable. The appeal will be dismissed.

It is so ordered.

NOBLE and COMPTON, JJ., concur.