643 P.2d 271

In the Matter of Jane DOE, a Child.

STATE of New Mexico, ex rel. DEPART-MENT OF HUMAN SERVICES,
Plaintiff-Appellee,

v.

NATURAL MOTHER,
Defendant-Appellant.

No. 5317.

Court of Appeals of New Mexico.

Feb. 23, 1982.

Writ of Certiorari Denied March 24, 1982.

Ken Cullen, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Santa Fe, Elaine Watson, Sp. Asst. Atty. Gen., Albuquerque, for plaintiff-appellee.

## MOTION FOR REHEARING

Plaintiff's motion for rehearing is granted and the former opinion filed herein is withdrawn. The following opinion is substituted.

## OPINION

HENDLEY, Judge.

The natural mother (Mother) appeals the denial of her application for a temporary restraining order to prohibit the Department of Human Services (Human Services) from sending her child outside Bernalillo County. The issue on appeal of whether there was substantial evidence to support the denial of a restraining order prohibiting removal of the child from the state need not be reached because of the failure of the children's court to follow certain statutory mandates. We affirm.

Human Services filed a neglect petition against Mother in September, 1980. After adjudicatory hearings the following December, January, and February, the children's court entered a judgment and disposition on February 20, 1981, finding Jane Doe to be the neglected child of Mother. The court ordered:

1. The child, Jane Doe, is continued in the legal and physical custody of the New Mexico Department of Human Services.

2. The Department of Human Services shall determine times of visitation.

Human Services informed Mother and her counsel in late February, 1981, that they intended to send the child to a foster home in Phoenix, Arizona. Mother filed an application for a temporary restraining order, alleging that her financial status would allow her only infrequent visits to her child in Arizona and she would be deprived of her right to a relationship with her child. The court denied the application for a temporary restraining order, finding it to be in the best interests of the child to be placed in the foster home in Arizona. Mother appeals.

Before reaching the substantive issue on appeal, we address Human Services' argument that the court's denial of the temporary restraining order is not an appealable order. They contend that as a general rule a temporary restraining order is interlocutory and not appealable as a final order. N.M.R.Civ.App. 3(a), N.M.S.A. 1978; *Griffin v. Jones*, 25 N.M. 603, 186 P. 119 (1919). Although this may be a correct statement of the general rule, N.M.R.Civ.App. 3(a) also states "any party aggrieved may appeal * * * within thirty days after entry of: * * * (3) any final order after entry of judgment which affects substantial rights".

Normally, a temporary restraining order is issued during the pendency of a law suit and the issue is resolved later in a final order, from which an appeal may be taken. This was the type of order at issue in *Griffin, supra.* The court stated that "[a]n order granting a temporary injunction *until a final hearing* of the case does not practically dispose of the merits of the action, and consequently is not an appealable order * * *." (Emphasis added.) *Griffin, supra.*

■ Here, the children's court denied the application for a temporary restraining order after the disposition and judgment. This order denying the application was a final order, after entry of judgment, which affected Mother's substantial rights—the substantial rights being, moving the child out of the state and effectively depriving Mother of visitation rights. Accordingly, we hold that under these facts we have jurisdiction to review the order denying the application for the temporary order. *See, State v. Quesenberry*, 72 N.M. 291, 383 P.2d 255 (1963); *see also, State v. Quesenberry*, 74 N.M. 30, 390 P.2d 273 (1964).

■ Human Services makes another jurisdictional argument, contending that any visitation issues should have been challenged by an appeal from the judgment and disposition itself. We disagree. Mother was not only appealing visitation issues, but also the right of Human Services to place the child outside Bernalillo County.

The judgment and disposition provided: "The Department of Human Services shall determine times of visitation." The record does not show that Human Services ever notified Mother what her visitation privileges would be. Her first indication that her visitation rights would be impaired was when Human Services informed her they were sending her child to Arizona. It was then that she filed the application for a temporary restraining order, which was denied. It would not have been possible for Mother to have appealed the general visitation language of the judgment and disposition. She instead appealed the denial of the temporary restraining order, which gave Human Services the authority to place the child out of state. It was proper for Mother to appeal from the denial of the temporary restraining order because that was the first time Human Services had indicated what their plans for the child were.

■ The final issue is whether there was substantial evidence to deny the temporary restraining order. We hold there was. In reviewing the record for substantial evidence, we consider only that evidence most favorable to upholding the trial court's decision. *Trujillo v. Romero*, 82 N.M. 301, 481 P.2d 89 (1971). The witness for Human Services testified at the temporary restraining order hearing that Mother's parents maintain a licensed foster home in Phoenix, Arizona, and the child's two siblings already live there. One of the doctors who evaluated Mother feels the prognosis is poor; therefore, the child will probably remain in foster care for an extended period of time. Since the placement in Arizona is with the child's siblings and grandparents, the child would be able to establish ties with those members of her family even if Mother does not regain custody. The child had already been in two foster homes in New Mexico.

The present foster family is reluctant to make a commitment for long-term care of the child, if that were to become necessary, and the child's doctor recommended the child be placed in stable, long-term foster care as soon as possible.

We hold the above testimony is sufficient to affirm the trial court's denial of the temporary restraining order.

IT IS SO ORDERED.

WALTERS, C. J., and NEAL, J., concur.