This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MADELINE BEAUDION, ROSIE GRIEVES, ANDRIA BRAUN, DAVID KAMPS, MARY JACKSON, DEANNA PALMER, RENEE PINKERGON, SANDY RYAN, NORBERT SANCHEZ, AMANDA TORRES, DOUGLAS FRASER, TRACIA HAWKINS, and SALLY HARRIS, M.D.,**

    Plaintiffs-Appellants,

v.                                                                                    NO.   29,940

**HARRY MAGNES, M.D., DOUGLAS CULLING, D.O., JEREMY GLEESON, M.D., and ABQ HEALTH PARTNERS, LLC, a Delaware corporation,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie Mackie Huling, District Judge**

Bauman, Dow & León, P.C.
Mark C. Dow
Deborah R. Stambaugh
Albuquerque, NM

for Appellants



Rodey, Dickason, Sloan, Akin & Robb, P.A.
R. Nelson Franse
Charles J. Vigil
Jennifer L. Stone
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Harry Magnes, M.D., the President and Chief Executive Officer of ABQ Health Partners, LLC (ABQ HP) (collectively, Defendants), terminated ABQ HP's practice relationship with neurologist Sally Harris, M.D., on July 31, 2009, twenty days before her effective date of resignation, August 21, 2009, from the group. Dr. Harris, along with a group of her patients (collectively, Plaintiffs), filed suit against ABQ HP and Dr. Magnes to allow Plaintiffs to be treated by Dr. Harris during those twenty days. Plaintiffs now appeal the district court's denial of their request for injunctive relief.

We hold that the appeal of the denial of the injunctive relief was rendered moot on the date Dr. Harris opened her own practice. Furthermore, the district court's order was not final as other issues alleged as causes of action between Plaintiffs and Defendants were not ruled upon or included in a final order from the district court. Thus, we dismiss the appeal.

# I.    BACKGROUND

Dr. Harris tendered her resignation from ABQ HP on May 21, 2009, to be effective ninety days thereafter.  She had appointments scheduled with patients through July.  Nonetheless, ABQ HP terminated Dr. Harris's employment effective June 25, 2009.  Dr. Harris had previously submitted a Harris Care Continuity Plan to ABQ HP identifying her last day of work as July 31, 2009 and had scheduled vacation from August 1 to 18.  The Harris Care Continuity Plan identified the date Dr. Harris would resume care to her patients in a new office as September 15, 2009.    Plaintiffs brought suit on June 29, 2009, asserting a plethora of claims against ABQ HP, including breach of contract rights, breach of fiduciary duties owed to them, and unfair practices.  Plaintiffs also sought a preliminary injunction to reinstate Dr. Harris to ABQ HP until July 31, 2009, which was denied by the district court.  The district court heard the motion for preliminary injunction on July 6, 2009, making a number of oral rulings.  The district court found that Dr. Harris would have seen patients only through July 31, according to the Harris Care Continuity Plan, and that there would be no irreparable harm if she was not reinstated until the end of July by ABQ HP.  The court also determined that notice had already been sent to Dr. Harris's patients or would be sent by July 10, 2009, and patients with pre-existing appointments through July 31 would be sent a letter informing them that Dr. Suter of ABQ HP would be

4

available to provide care for them. Furthermore, all patients scheduled from August 1 through September 15, 2009 would be notified of dates on which Dr. Suter would be available to see them until September 15, 2009, the date by which Dr. Harris was ordered to open her own practice.

Plaintiffs immediately filed a motion to reconsider prior to the entry of a written order. The district court entered its order on the motion for preliminary injunction and ordered completion of Defendants' patient care plan on August 4, 2009. The court sent a letter to counsel on August 7, indicating that the order had been filed, but it was not a final order. The district court entered its findings and conclusions on September 8, 2009, incorporating its findings of August 4 to its supplemental findings. It denied Plaintiffs' motion for reconsideration in a separate order, stating that its order of August 4, 2009 was "now a final [o]rder."

From this order, Plaintiffs appeal. In response, Defendants assert that the preliminary injunction issue became moot as of September 15, 2009, when Dr. Harris opened her own practice and could resume care of her patients. Defendants also contend that the order denying the preliminary injunction was not final, irrespective of the district court's description of the order as "final." We address these arguments in turn, and for the reasons below, we agree with Defendants.

## II.  DISCUSSION

### A.  The Issue on Appeal is Moot

A case is moot when actual controversy no longer exists and the court cannot grant the party any actual relief. *Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008.  "An action for injunctive relief is moot only if there is no reasonable expectation that the alleged violation will recur and if interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *State ex rel. Udall v. Cresswell*, 1998-NMCA-072, ¶ 28, 125 N.M. 276, 960 P.2d 818.  In *Rio Arriba County Board of Education v. Martinez*, our Supreme Court denied review where the school year that was the sole subject of a request for a restraining order had already ended by the time the appeal was before the appellate court. 74 N.M. 674, 679, 397 P.2d 471, 474 (1964).  This Court explained that review would be denied "where the questions involved, either by time or circumstance, have become moot." *Id*. (internal quotation marks and citation omitted).

In this case, the injunctive relief was specifically designed to provide relief to Plaintiff patients by ensuring the continuity of their medical treatment during the time after Dr. Harris ceased working at ABQ HP and before she resumed her practice on September 15, 2009, two years ago.  The very injunctive relief sought against ABQ HP terminated by the terms of the motion for injunctive relief on September 15, 2009.

6

Because Dr. Harris resumed work on September 15, 2009, we conclude that any effect on patient care or patient rights sought to be alleviated by the requested preliminary injunction is now beyond the power of any court to provide.

Plaintiffs rely on *Cresswell*, in asserting that the issue on appeal is not moot. They contend that there is a reasonable expectation that the "violation will recur" with regard to "other patients" than Plaintiffs. 1998-NMCA-072, ¶ 28. Relying on *Cresswell*, Plaintiffs also contend that their injunctive relief claim is not moot because the effects of the violation have not been completely and irrevocably eradicated. These arguments are unavailing because Plaintiffs asserted in their motion that their need for an injunction only existed until such time as Dr. Harris resumed practicing on her own. That she "was not able to treat her patients, and [they] did not receive their scheduled treatment" for the period of time that lasted until September 15, 2009 is not a matter capable of recurring. Nor is it capable of resolution by an injunction at this point in time because after September 15, 2009, patients resumed access to treatment with Dr. Harris.

Plaintiffs also argue that their appeal is not moot since the case is one of substantial public interest and the wrongs involved are capable of repetition evading review under *Mowrer v. Rusk*, 95 N.M. 48, 618 P.2d 886 (1980). *Mowrer* held that "[a] court should continue a cause . . . if the court discerns a likelihood of recurrence

of the same issue, generally in the framework of a 'recurring' controversy and 'public interest' in maintaining the appeal." *Id*. at 51-52, 618 P.2d at 889-90. We disagree with Plaintiffs. As Dr. Harris is no longer working for ABQ HP, this wrong is not capable of repetition such that it would require the injunction at issue in this case. If a wrong was committed by ABQ HP in this case, it would only be capable of repetition with relation to doctors other than Dr. Harris, who still have a practice relationship with ABQ HP. The injunction sought here, which names Dr. Harris, would not prevent any wrong that could occur with relation to doctors still working at ABQ HP. Thus, the injunction at issue does not generally address a wrongful act committed by ABQ HP that is capable of repetition evading review. The remedy sought here is not one of public interest, as the injunction would have solely benefitted Dr. Harris's several existing patients. In addition, the injunction sought would no longer be effective and is thus not of public interest since it was to apply to a time line that expired two years ago. Furthermore, because the district court's order was not final, any potential damage from malfeasance of medical administrators as alleged by Plaintiffs can still be addressed in the unresolved portions of this case, namely, Plaintiffs' suit for damages.

Plaintiffs filed a notice of appeal in due course, but failed to seek extraordinary or expedited appellate review. Their appeal is now moot. In the absence of injunctive

8

relief, however, the substance of Plaintiffs' claims remains to be adjudicated and the denial of injunctive relief was not a final order.

**B.      The Order was not Final**

Despite Plaintiffs' characterization of the district court's order denying the injunction as final, "[w]hether an order is a 'final order' within the meaning of the statute is a jurisdictional question that an appellate court is required to raise on its own motion." *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844. Generally, "an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992) (internal quotation marks and citation omitted); *Exec. Sports Club, Inc. v. First Plaza Trust*, 1998-NMSC-008, ¶ 5, 125 N.M. 78, 957 P.2d 63 (requiring all issues of law and fact to be determined by a final order and the case disposed to the fullest extent possible to be ripe for appeal). The term "finality," however, "is to be given a practical, rather than a technical, construction." *Kelly Inn*, 113 N.M. at 236, 824 at 1038. In the absence of a final order, any appeal is premature and must be dismissed.

In this case, the order denying the preliminary injunction did not determine the rights of the parties on the merits, leaving those for future determination. The district

court has not considered the merits of Plaintiffs' claims against Defendants. Below, Plaintiffs asserted numerous claims against Defendants, including claims for abandonment of Plaintiffs, breach of a fiduciary obligation to Plaintiffs, violations of the New Mexico Medical Board regulations, violations of the Unfair Practices Act, and deprivation of necessary care to Plaintiffs. These theories of recovery have not yet been resolved, despite the court's denial of the preliminary injunction. Similarly, Plaintiffs' motion for class certification has not been addressed.

Because many issues and avenues for relief were pled, and the court only addressed the argument regarding continuance of Plaintiffs' care until September 15, 2009, in denying the injunction, we conclude that the order was not final. Thus, we also dismiss this appeal on the ground that it lacked the requisite finality for appeal.

**III.    CONCLUSION**

The appeal herein is dismissed for mootness and lack of finality. Plaintiffs' extensive arguments regarding the merits of their claims are best left to be resolved below in a hearing on the merits. The matter is remanded to the district court for further proceedings consistent with this Opinion.

10

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**

11