IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2012-NMSC-002

Filing Date: December 14, 2011

Docket No. 32,917

MICHAEL L. LOBATO,

    Plaintiff,

v.

STATE OF NEW MEXICO
ENVIRONMENT DEPARTMENT,
ENVIRONMENTAL HEALTH
DIVISION, et al.,

    Defendants.

CERTIFICATION FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO
Bruce Douglas Black, U.S. District Court Judge

Santiago E. Juarez
Albuquerque, NM

for Plaintiff

Narvaez Law Firm, PA
Henry F. Narvaez
Albuquerque, NM

for Defendants

OPINION

DANIELS, Chief Justice.

{1}    This case is before us on certification from the United States District Court for the
District of New Mexico to answer two questions on whether the New Mexico Department

1

of Labor's[1] Charge of Discrimination form fairly and adequately allows a claimant to exhaust administrative remedies and preserve the right to pursue judicial remedies for individual liability claims under the New Mexico Human Rights Act (NMHRA), NMSA 1978, Sections 28-1-1 to -14 (1969, as amended through 2007). We hold that the Charge of Discrimination form is so misleading that exhaustion of administrative remedies in the circumstances of this case is not required.

## I.    FACTUAL AND PROCEDURAL HISTORY

**{2}**    In 2008, Plaintiff Michael L. Lobato filed two complaints and one amended complaint with the United States Equal Employment Opportunity Commission (EEOC) charging his employer, the New Mexico Environment Department, with discrimination in violation of Title VII of the Civil Rights Act of 1964 (Civil Rights Act), 42 U.S.C. §§ 2000e–2000e-17 (2006). Plaintiff filed his administrative complaints by using the New Mexico Department of Labor, Human Rights Division's[2] (NMHRD) official Charge of Discrimination form. Submitting this form to either the EEOC or the NMHRD constitutes filing with both agencies, as is noted on the form directly above the signature line: "I want this charge filed with both the EEOC and the State or local Agency. . . ." *See* 9.1.1.8(F)(2) NMAC (9/1/1998) ("[A] complaint which is first filed with any duly authorized civil rights agency holding a work sharing agreement . . . with the [NMHRD] shall be deemed to have been filed with the [NMHRD] as of the date on which the complaint was first filed with any of these agencies."); *see also Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 13, 127 N.M. 282, 980 P.2d 65 (stating that the NMHRD-EEOC work-sharing agreement "contemplates that a person will be allowed to use federal EEOC procedures to set in motion the grievance procedures of the NMHRA to the limited extent that, if he or she initially files a complaint with the EEOC, that complaint will be deemed to have been properly filed with the [NMHRD] as well."); *Sabella v. Manor Care, Inc.*, 1996-NMSC-014, ¶ 9, 121 N.M. 596, 915 P.2d 901 (holding that the "NMHRD procedural requirements may be met by filing a complaint with either the NMHRD or the EEOC").

**{3}**    According to the instructions on the NMHRD's Charge of Discrimination form, Plaintiff was required to (1) name the "Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency" he believed discriminated against him; (2) provide that entity's street address and phone number; and (3) explain the "PARTICULARS" of his charge. Nothing on the NMHRD Charge of

---

[1]The New Mexico Department of Labor is now the New Mexico Department of Workforce Solutions. *See* NMSA1978, § 9-26-2 (2007). Because the Department of Labor's name appears on the form at issue in this case, we refer to the department by its former name.

[2]The Human Rights Division is now the Human Rights Bureau. *See* NMSA 1978, § 28-1-2(D) (2007).

Discrimination form instructed Plaintiff to add any identification of individual agency employees involved in the alleged discrimination.

**{4}** In December 2009, Plaintiff filed a complaint in the United States District Court for the District of New Mexico stating in part that the EEOC "complaints [had been] processed to conclusion." This judicial complaint was based on the same work-related incidents and alleged, among other claims, violations of both the Civil Rights Act and the NMHRA. Plaintiff named as defendants the New Mexico Environment Department and multiple employees of the department. The individually named defendants responded by filing a motion to dismiss, arguing that (1) individuals are not subject to liability under the Civil Rights Act, and (2) Plaintiff did not exhaust his NMHRA administrative remedies and preserve his right to sue any individual defendant not specifically identified in Plaintiff's original NMHRD Charge of Discrimination forms.

**{5}** The United States District Court granted Defendants' motion to dismiss on the Civil Rights Act claims. On the NMHRA claims, the district court denied the motion for those defendants identified by their job positions within the "PARTICULARS" narrative on Plaintiff's Charge of Discrimination forms, and *sua sponte* certified two questions to this Court regarding the defendants not otherwise identified in those administrative forms. *See* NMSA 1978, § 39-7-4 (1997) and Rule 12-607 NMRA (providing this Court with the authority to answer certified questions). Having accepted certification, we reformulate those questions, as permitted by NMSA 1978, Section 39-7-5 (1997):

> (1) Does the NMHRD's Charge of Discrimination form, which instructs filers to identify the alleged discrimination by the name and address of the discriminating agency or entity but not the individual actor, provide a fair and adequate opportunity to exhaust administrative remedies against individual actors under the NMHRA?

> (2) If the Charge of Discrimination form is inadequate, what remedy is proper for a plaintiff who used the NMHRD form and consequently failed to exhaust administrative remedies against individuals?

## II. STANDARD OF REVIEW

**{6}** This case requires us to interpret the language of the NMHRA, a matter of law we review de novo. *See State v. Nick R.*, 2009-NMSC-050, ¶ 11, 147 N.M. 182, 218 P.3d 868. When interpreting a statute, our primary goal is "to ascertain and give effect to the intent of the Legislature." *Id.* "To determine legislative intent, we look not only to the language used in the statute, but also to the purpose to be achieved and the wrong to be remedied." *Hovet v. Allstate Ins. Co.*, 2004-NMSC-010, ¶ 10, 135 N.M. 397, 89 P.3d 69.

## III. DISCUSSION

3

**A. The Charge of Discrimination Form Violates the NMHRA.**

**{7}** We first address the question of whether the NMHRD Charge of Discrimination form provides a fair and adequate opportunity to pursue individual liability claims as provided by the NMHRA. Plaintiff argues that the official form is inadequate and misleading because the form directed him to name the discriminating agency, but nothing in the form instructed him to identify individual agency employees involved in the alleged incidents. Defendants argue that any inadequacy in the form is rectified because (1) Plaintiff filed the NMHRD's Charge of Discrimination forms with the EEOC only, which supplements the form's information with an intake questionnaire in which Plaintiff mentioned some of the individuals relevant to his claim, and (2) some individual defendants could be identified in the narrative of the "PARTICULARS" section. Defendants take the position that both the NMHRD Charge of Discrimination form's "PARTICULARS" section and the supplemental EEOC questionnaire provide means to identify individual respondents and satisfy administrative exhaustion requirements. Based on the statutory language of the NMHRA and its legislative purpose, Defendants' arguments fail.

**{8}** The NMHRA is a comprehensive scheme enacted in 1969 for the primary purpose of providing administrative and judicial remedies for unlawful discrimination in the workplace. *See* §§ 28-1-7, -10, -11; *see also Mitchell-Carr*, 1999-NMSC-025, ¶ 16 (recognizing that the NMHRA provides "the right, the procedure, and the remedy" for discrimination complaints) (internal quotation marks and citation omitted). Unlike the Civil Rights Act, the NMHRA permits unlawful discrimination claims against individuals. *See* § 28-1-7(I) (defining unlawful acts by "any person" as well as any employer); *see also Sonntag v. Shaw*, 2001-NMSC-015, ¶ 12, 130 N.M. 238, 22 P.3d 1188 (recognizing individual liability for NMHRA discrimination claims). In keeping with the NMHRA's individual liability provisions, any person reporting unlawful discrimination must "file with the human rights division of the labor department a written complaint that *shall state the name and address of the person* alleged to have engaged in the discriminatory practice, all information relating to the discriminatory practice and any other information that may be required." Section 28-1-10(A) (emphasis added). *See also* 9.1.1.8(D)(2) NMAC (requiring the name and address of the "respondent" to be filed in the written complaint form; "respondent" is defined to include "person," 9.1.1.7(EE) NMAC (9/1/1998)).

**{9}** Despite these statutory and rule requirements, the NMHRD's official Charge of Discrimination form instructs filers to report only the employer or agency involved but does not instruct filers to report the "person" involved. Asking a filer to state the "PARTICULARS" of a claim does not overcome this defect, as an open-ended request to state the "PARTICULARS" does not alert the filer to the requirement that the filer must also provide the names and addresses of the individuals involved. Nor does the EEOC's use of a more detailed intake questionnaire overcome this defect. EEOC claims are resolved independently of NMHRD action. *See Mitchell-Carr*, 1999-NMSC-025, ¶ 15 (noting that the work-sharing agreement between the NMHRD and the EEOC recognizes dual filing but not dual resolution of discrimination complaints).

4

**{10}** While the names and addresses of individuals are superfluous to the federal Civil Rights Act claims, this information is critical to preserving judicial remedies against individuals under the NMHRA. NMHRA claims require administrative exhaustion before a plaintiff can bring suit. *See* § 28-1-13; *see also Sonntag*, 2001-NMSC-015, ¶¶ 12-13 (holding that a failure to name the owner of a corporation in his personal capacity barred suit against him in district court); *Mitchell-Carr*, 1999-NMSC-025, ¶¶ 10, 41 (holding summary judgment was proper because the individual defendant was not named in the original NMHRA complaint); *Sabella*, 1996-NMSC-014, ¶¶ 9, 23 (requiring exhaustion of administrative procedures as a prerequisite to suit in district court); *Luboyeski v. Hill*, 117 N.M. 380, 382-83, 872 P.2d 353, 355-56 (1994) (holding that individual defendants could not be named for the first time in district court). The NMHRA creates a cause of action against individuals, which necessarily requires the naming of these individuals in the administrative complaint, and requires administrative exhaustion against these individuals as a prerequisite to judicial remedies. For the NMHRD's official Charge of Discrimination form to ask for the name and address of the discriminating entity but not for the names and addresses of the individuals not only makes the complaint form inadequate to serve its statutory purpose but makes it affirmatively misleading. It creates a trap for unwary claimants to forfeit their statutory rights and judicial remedies. Accordingly, we hold the NHMRD's Charge of Discrimination form fails to provide a fair and adequate opportunity to exhaust administrative remedies against individual defendants as required by the NMHRA.

**B.      Preserving Plaintiff's Access to the Courts Outweighs Administrative Notice and Prejudice Concerns.**

**{11}** Having held that Plaintiff did not have a fair and adequate opportunity to exhaust administrative remedies against individual defendants, we turn to the question of the appropriate remedy for Plaintiff. Plaintiff argues we should waive administrative exhaustion because the administrative remedies provided by the state are inadequate, relying on *Franco v. Carlsbad Municipal Schools*, 2001-NMCA-042, ¶ 20, 130 N.M. 543, 28 P.3d 531 (holding that exhaustion of administrative remedies was not required when the agency's failure to meaningfully inform an employee of those remedies thwarted the employee's ability to invoke them). Defendants argue that waiving administrative exhaustion violates their notice protections under the NMHRA, *see* § 28-1-10(B) and 9.1.1.8(H) NMAC (requiring anyone named in a complaint to be furnished with a copy of that complaint), and unduly denies Defendants an opportunity to resolve the dispute in administrative proceedings before the NMHRD, rather than before a court as defendants in a judicial proceeding. Weighing these harms, we conclude that barring Plaintiff's judicial remedy solely because he followed explicit and misleading instructions in the NMHRD's official complaint form is a far greater injustice than the less significant effect imposed on Defendants by the lack of formal individual notice in the antecedent administrative proceedings.

**{12}** The doctrine of administrative exhaustion arose as a way to coordinate the roles of the administrative and judicial branches, both of which are charged with regulatory duties.

*State ex. rel Norvell v. Arizona Pub. Serv. Co.*, 85 N.M. 165, 170, 510 P.2d 98, 103 (1973) (distinguishing exhaustion from primary jurisdiction and noting that under the exhaustion doctrine, "judicial interference is withheld until the administrative process has run its course.") *See also* 5 Jacob A. Stein et al., *Administrative Law* § 49.01 (2011), at 49-2 (stating "[t]he doctrine of exhaustion of administrative remedies serves interests of judicial economy by requiring parties to pursue all administrative solutions before seeking judicial relief"). A rigid adherence to administrative exhaustion is not required in circumstances where the doctrine is inappropriate. *See Callahan v. N.M. Fed'n of Teachers–TVI*, 2006-NMSC-010, ¶ 24, 139 N.M. 201, 131 P.3d. 51 (noting the general rule that exhaustion is not required if the administrative remedies are inadequate); *Franco*, 2001-NMCA-042, ¶ 20 (holding that exhaustion is not required where the administrative remedies are inadequate); *see also* Stein, *supra*, § 49.02, at 49-47 (noting that exhaustion may be waived when agency proceedings are futile).

**{13}** In *Franco*, a school employee was given a written termination notice and a copy of the state regulations on termination but was not told of his right to present evidence at a special session of the school board, planned for that evening, at which his final termination would be voted on. *Franco*, 2001-NMCA-042, ¶ 6. Whether intentional or inadvertent, the school district's own procedures thwarted the employee's ability to exhaust—or even initiate—the administrative remedies afforded to him by statute. *Id.* ¶ 20. *Franco* held that in those circumstances exhaustion of the administrative remedies was not required. *See id.*

**{14}** In this case, like *Franco*, Plaintiff relied on the administrative procedures he was instructed to follow, and that reliance now threatens to deny him the statutory remedies to which he is entitled. Plaintiff's NMHRA claims are now time-barred. *See* § 28-1-10(A) (stating NMHRA complaints must be filed within three hundred days of the incident in question). While Defendants correctly note that the administrative notice requirements of the NMHRA will not have been met if Plaintiff's suit is permitted to go forward, Defendants fail to show how this lack of notice in the administrative proceeding outweighs the harm of Plaintiff's forfeiture of his judicial remedy under the NMHRA. Because Plaintiff's suit arises out of the very incidents reported in the NMHRD Charge of Discrimination forms, Defendants were likely to have had at least constructive notice of their alleged involvement in these allegations during any prior administrative proceedings. Balancing the equities, we hold that in these limited circumstances the requisite administrative exhaustion of the NMHRA should not be required in order for Plaintiff to pursue his judicial remedies under the statute.

**{15}** To avoid this situation in the future and to honor legislative intent, we suggest the NMHRD revise its Charge of Discrimination form to instruct filers in plain language to include the names and addresses of any individuals involved. This will allow claimants to have an opportunity to pursue all of their rights under the NMHRA and will provide named defendants with notice and opportunity to be heard in all proceedings.

## III. CONCLUSION

**{16}** In order to preserve individual liability claims under the NMHRA, we answer the two certified questions by holding (1) the NMHRD's Charge of Discrimination form failed to provide Plaintiff a fair and adequate opportunity to exhaust administrative remedies against individual defendants; and (2) because of this inadequacy, Plaintiff is not required to have exhausted administrative remedies against the previously unnamed individual defendants before pursuing his suit in the United States District Court.

**{17} IT IS SO ORDERED.**

_____
**CHARLES W. DANIELS, Chief Justice**

**WE CONCUR:**

_____
**PATRICIO M. SERNA, Justice**

_____
**PETRA JIMENEZ MAES, Justice**

_____
**RICHARD C. BOSSON, Justice**

_____
**STANLEY WHITAKER, Judge, Sitting by designation**

**Topic Index for _Lobato v. NMED_, Docket No. 32,917**

| **ST** | **STATUTES** |
|--------|--------------|
| ST-IP | Interpretation |
| ST-LI | Legislative Intent |
| ST-RC | Rules of Construction |

| **AL** | **ADMINISTRATIVE LAW AND PROCEDURE** |
|--------|--------------------------------------|
| AL-AA | Administrative Appeal |
| AL-HR | Hearings |
| AL-JR | Judicial Review |
| AL-LI | Legislative Intent |
| AL-NO | Notice |

| **CR** | **CIVIL RIGHTS** |
|--------|------------------|
| CR-DS | Discrimination |
| CR-PR | Procedure |

| | |
|---|---|
| **FL** | **FEDERAL LAW** |
| FL-CR | Civil Rights |
| FL-PR | Procedure |