1998-NMCA-146

965 P.2d 951

**STATE of New Mexico ex rel. HYDE PARK COMPANY, LLC, a New Mexico limited liability company, Petitioner–Appellant,**

v.

**The PLANNING COMMISSION OF THE CITY OF SANTA FE, and The City Council of the City of Santa Fe, et al., Respondents–Appellees, and**

**Greater Callecita Neighborhood Association, et al., Respondents–in–Intervention–Appellees.**

No. 18602.

Court of Appeals of New Mexico.

Sept. 24, 1998.

Karl H. Sommer, Sommer, Fox, Udall, Othmer, Hardwick & Wise, P.A., Santa Fe, for Petitioner–Appellant.

Mark A. Basham, City Attorney, Santa Fe, for Respondents–Appellees.

Frederick M. Rowe, Santa Fe, for Respondents–in–Intervention–Appellees.

## OPINION

APODACA, Judge.

{1} Petitioner Hyde Park Company (Developer) appeals the district court's order dissolving a peremptory writ of mandamus and alias peremptory writ of mandamus. We hold that Developer did not exhaust the administrative remedies available to it and therefore dismiss the appeal.

{2} We note that Developer filed a motion to modify the record proper in this case to include a stipulation of facts. An objection to that motion has also been filed. Certain letters containing various contentions of the parties concerning Developer's pending appeal in district court have also been filed in this appeal. In deciding this appeal, we have not relied on that motion, the documents attached to that motion, or the various letters of the parties. As a result, we need not address the issues raised by the filing of the motion and letters.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{3} Developer, desiring to build a subdivision of homes in the Santa Fe area, applied for approval of that subdivision by Appellees, the Santa Fe City Planning Commission (the Commission) and the Santa Fe City Council (the City Council). Appellee Greater Callecita Neighborhood Association (the Association), a neighborhood group protesting Developer's application, intervened in the proceedings before the Commission and the City Council.

{4} During a period of years, Developer has submitted preliminary applications for approval of its plat subdivision. On November 8, 1996, Developer submitted a final subdivision plat and application for approval by the City of Santa Fe. Developer requested that its application be considered at the Commission's next meeting on January 7, 1997. Apparently, the Commission sent Developer's application to the City Council for consideration at the Council's meeting on January 29, 1997. For reasons not relevant to this appeal, the City Council returned the application to the Commission for reconsideration.

{5} The Commission held a public hearing on April 3, 1997, and conditionally approved the final application. The Association appealed the Commission's approval of the plat to the City Council. The City Council, at a public hearing on April 30, 1997, decided to review and act on the application at a public hearing scheduled for May 28, 1997. Before the City Council's scheduled meeting, on May 19, Developer obtained an *ex parte* writ of mandamus from the district court compelling the City Council to cancel its May meeting and to grant automatic approval of Developer's plat under NMSA 1978, Section

3–20–7(E) (1965). That subsection provides, in relevant part:

> The planning authority of a municipality shall approve or disapprove a plat within thirty-five days of the day of final submission of the plat. If the planning authority does not act within thirty-five days, the plat is deemed to be approved and upon demand the planning authority shall issue a certificate approving the plat. The person seeking approval of the plat may waive this requirement and agree to an extension of this time period.

{6} On May 21, 1997, the district court held a hearing and dissolved the writ of mandamus. The court ruled that the ultimate planning authority was the City Council and that the May 28 hearing was timely under the statute. The appeal to this Court followed.

{7} In the meantime, the City Council held its hearing on May 28 and decided to reverse the plat approval by the Commission. Developer then appealed that decision to the district court. The appeal to the district court raised the same issues (as well as other issues) as those raised in this appeal.

{8} Appellees have filed a joint motion to dismiss Developer's appeal, arguing that: (1) the appeal was moot because the City Council reversed the plat approval; (2) the dissolution of the writ was not a final, appealable order; and (3) piecemeal appeals should not be allowed. Disagreeing, Developer claims that the appeal should not be dismissed because otherwise there is no adequate remedy at law.

## II. DISCUSSION

{9} For the reasons that follow, we hold that: (1) Developer failed to exhaust its administrative remedies, (2) an adequate remedy at law exists, and (3) Developer should not be allowed to pursue its piecemeal appeal. See Baca v. Atchison, Topeka & Santa Fe Ry. Corp., 1996–NMCA–054, ¶ 8, 121 N.M. 734, 918 P.2d 13 (explaining policy against piecemeal appeals). Consequently, we dismiss Developer's appeal, determining that dismissal, rather than affirmance, is the proper disposition for us to take as a reviewing court.

{10} The usual procedure concerning appeals of planning decisions is outlined in NMSA 1978, Section 3–19–8 (1965). Under that statute, any person who is dissatisfied with the determination of the Commission, *after review by the governing body of the municipality,* may bring an action in the district court to set aside the determination. As discussed above, Developer has brought such an action, and the action is presently pending. Contemporaneously, however, Developer is pursuing this appeal of the district court's previous decision dissolving the writ of mandamus. The question in this appeal, therefore, is whether Developer can bypass the statutory procedure for challenging a planning decision by filing a petition for writ of mandamus and then appealing the petition's denial to this Court.

{11} Where an appeal process is available to a litigant, mandamus is not an appropriate vehicle for challenging an administrative decision. See, e.g., Birdo v. Rodriguez, 84 N.M. 207, 209, 501 P.2d 195, 197 (1972) (writ of mandamus not proper where party has not exercised statutory right to appeal administrative decisions to the district court or exhausted administrative remedy provided by statute). In Kerpan v. Sandoval County District Attorney's Office (In re Grand Jury Sandoval County), 106 N.M. 764, 766, 750 P.2d 464, 466 (Ct.App.1988), this Court explained that mandamus is drastic remedy and will issue only if no other remedy is available.

{12} Instead, a party is required to pursue the available administrative remedies before resorting to the courts for relief. Id. In this case, even though the last step of the administrative process (the City Council review) was yet to come, Developer filed its mandamus action in the district court in an effort to block that administrative proceeding. In such a case, mandamus will not lie. See id.

{13} Developer argues that there is no adequate remedy at law because of the delay and expense that will result if it is required to pursue the pending district court litigation to its completion. Developer, how-

ever, has not alleged any unusual or peculiar harm or expense that will occur if it is required to litigate that action. The only consequences appear to be the usual delay and expense inherent in all litigation. Given that situation, the extraordinary remedy of mandamus is not proper. *Cf. Rhein v. ADT Automotive, Inc.,* 122 N.M. 646, 930 P.2d 783 (court may intervene by writ of superintending control if necessary to prevent exceptional hardship, costly delays, and unusual burdens of expense).

 {14} Developer also argues that its entitlement to approval of its plat was clear, making the approval a ministerial action appropriate for mandamus. However, we need not reach the issue of whether the plat approval was a ministerial action because Developer's failure to exhaust administrative remedies provides a sufficient, alternative basis for dismissing the appeal. Additionally, we note that to decide whether the plat approval is a ministerial act would involve this Court in several unresolved issues that are still pending below. Such involvement would be contrary to the policy against piecemeal appeals, *see Baca,* 1996–NMCA–054, ¶ 8, 121 N.M. 734, 918 P.2d 13, which underlies the doctrine of exhaustion of administrative remedies, *see Castaneda,* 138 Ill.Dec. 270, 547 N.E.2d at 439 (noting that doctrine "conserves valuable judicial time by avoiding piecemeal appeals").

{15} In any event, it is clear that Developer did not exhaust the administrative

remedies that were available and is now attempting to raise issues in a piecemeal fashion. In such circumstances, our courts have dismissed an appeal from a district court's denial of relief. *See Alfred v. Anderson,* 86 N.M. 227, 230, 522 P.2d 79, 82 (1974). On other occasions, our courts have simply affirmed the district court's action. *See Kerpan,* 106 N.M. at 768–69, 750 P.2d at 468–69. The appeal is at an end, and Developer will be required to pursue its challenges through the district court action. To avoid unduly influencing the merits of the case, we dismiss the appeal rather than affirm the district court's action.

## III. CONCLUSION

{16} In summary, we conclude that: (1) Developer failed to exhaust its administrative remedies, (2) an adequate remedy at law exists, and (3) Developer should not be permitted to pursue a piecemeal appeal. We therefore dismiss Developer's appeal.

{17} **IT IS SO ORDERED.**

BUSTAMANTE and ARMIJO, JJ., concur.