**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Opinion Number: 2020-NMSC-016**

**Filing Date: June 25, 2020**

**No. S-1-SC-37458**

**CITY OF LAS CRUCES,**

      Appellant,

v.

**NEW MEXICO PUBLIC
REGULATION COMMISSION,**

      Appellee,

and

**EL PASO ELECTRIC COMPANY,
FOUR PEAKS ENERGY LLC, and
ENERGYneering SOLUTIONS, INC.,**

      Intervenors-Appellees.

**In the Matter of the Application for
Approval of El Paso Electric Company's
2018 Renewable Energy Plan Pursuant to the
Renewable Energy Act and 17.9.572 NMAC,
and Revised Rate No. 38-RPS Cost Rider,
New Mexico Public Regulation Commission
Case. No. 18-00109-UT**

**APPEAL FROM THE NEW MEXICO PUBLIC REGULATION
COMMISSION**

Released for Publication December 15, 2020.

Stevens Law LLC
Anastasia S. Stevens
Santa Fe, NM

Jennifer Vega-Brown, City Attorney
Marcia B. Driggers, Senior Assistant City Attorney
Las Cruces, NM

for Appellant

Russell R. Fisk
Santa Fe, NM

for Appellee

Nancy Brooke Burns
Santa Fe, NM

Jones, Snead, Wertheim & Clifford, P.A.
Carol A. Clifford
Jerry Todd Wertheim
Santa Fe, NM

for Intervenor El Paso Electric Company
Keleher & McLeod, P.A.
Thomas C. Bird
Albuquerque, NM

for Intervenors Four Peaks Energy LLC and ENERGYneering Solutions, Inc.

**OPINION**

**VIGIL, Justice.**

{1}     With this opinion, we consider whether a party must request the stay of an order issued by the New Mexico Public Regulation Commission (Commission) before seeking a stay from this Court. In the case before us, the City of Las Cruces (City) did not ask the Commission to stay its final order and, instead, sought a stay directly from this Court. After careful consideration of the parties' positions, we denied the City's motion for stay. We are compelled to explain the rationale for our decision because there has been a lack of clarity regarding the appropriate procedure for seeking the stay of a final Commission order. We have not formally addressed this issue and have been inconsistent on this procedural question. For example, in 2018 we granted a public utility's motion for stay in Order at 1-2, *Southwestern Public Service Co. v. New Mexico Public Regulation Commission*, No. S-1-SC-37248 (Sept. 26, 2018), despite the utility's failure to first seek a stay from the Commission. *See* Motion at 4, *Sw. Pub. Serv. Co.*, No. S-1-SC-37248 (Sept. 10, 2018) ("Under the Public Utility Act, [the utility] is not . . . required to seek a stay from the [Commission]."). However, we also denied stays in Order at 1-2, *New Mexico Industrial Energy Consumers v. New Mexico Public Regulation Commission*, No. S-1-SC-36772 (Feb. 27, 2018), and in Order at 2, *Public*

*Service Co. of New Mexico v. New Mexico Public Regulation Commission*, No. S-1-SC-36115 (Dec. 12, 2016). As we explain below, we conclude that the Rules of Appellate Procedure required the City to request a stay from the Commission in the first instance before seeking one directly from this Court. With this opinion, we are not announcing a change in law or procedure but affirming existing law requiring a party to request a stay from the administrative body before seeking one from an appellate court.

**{2}**     We originally intended this opinion to cover only the limited procedural issue of whether a party looking to stay a final Commission order must first request a stay from the Commission. However, the parties raised another issue in their recent filings with this Court. As such, we also consider events subsequent to the issuance of our order denying the City's motion for stay—namely, the City's request to the Commission for a stay, the Commission's order granting that stay, and El Paso Electric Company's motion for relief from that order. For the reasons explained in this opinion, we reject the arguments that the Commission lacked jurisdiction to grant the City's request for a stay.

## I.     BACKGROUND

**{3}**     While the facts that gave rise to the City's stay request are not determinative of the procedural questions addressed in this opinion, we briefly discuss how this matter came before us to provide context for our discussion.

**{4}**     This case concerns an appeal from a final Commission order involving the Renewable Energy Act (Act), NMSA 1978, Sections 62-16-1 to -10 (2004, as amended through 2019). Under the Act, public utilities must meet the requirements of the renewable portfolio standard (Standard). Section 62-16-4 (2014). As it existed during the proceedings before the Commission in this case, the Standard required renewable energy to comprise at least fifteen percent of each public utility's total retail sales to New Mexico customers through 2019 and at least twenty percent in 2020 and thereafter. Section 62-16-4(A)(1), (2) (2014); 17.9.572.10(B)(2), (3) NMAC. A public utility was not required to incur the cost of procuring renewable energy necessary to comply with the Standard if, in a given year, that cost would exceed "the reasonable cost threshold" (Threshold) set by the Commission. Section 62-16-4(C) (2014). The Threshold limits the impact on New Mexico consumers resulting from the public utility's compliance with the Standard. *See* § 62-16-2(A)(6), (B)(3) (2007); 17.9.572.12 NMAC. Affected utilities fulfill their renewable energy obligations by procuring renewable energy certificates (Certificates). Section 62-16-5(A), (B) (2007) (describing Certificates as valued by specific quantities of renewable energy, purchased in advance of its use by a public utility from generators of renewable energy "to satisfy the [Standard]," and retired after use); 17.9.572.13(A) NMAC (requiring a public utility to determine the Certificate resources available to it). Since this opinion relates solely to limited procedural matters, and not the City's underlying appeal of the Commission's final order, we note simply that the price of the Certificates is the focus of the City's substantive challenge to the Commission's final order.

**{5}**     Given this background regarding some of the Act's key provisions, we now briefly summarize the proceedings before the Commission. This administrative matter began with El Paso Electric Company (El Paso Electric) submitting its 2018 annual renewable energy plan to the Commission for approval. *See* § 62-16-4(F)-(I) (specifying the process for submission by the public utility and review by the Commission of an annual renewable energy plan); 17.9.572.14 NMAC  (specifying the schedule and components of the plan); 17.9.572.17(A) NMAC (requiring the plan to establish compliance with the Standard in an annual report documenting its retirement of certificates). In its application to the Commission, El Paso Electric sought a ten-year extension of its agreement with the Camino Real Landfill to Energy Facility (Camino Real Facility) to purchase Certificates from the Camino Real Facility at a price of $30 per megawatt hour of renewable energy. El Paso Electric's proposal doubled the $15 per megawatt hour price for the Certificates under its existing agreement with the Camino Real Facility, which expired on December 31, 2018.

**{6}**     The Commission's hearing examiner recommended denial of El Paso Electric's proposal. The hearing examiner concluded that the proposal was not supported by the law or evidence and was contrary to the Act's policy of protecting New Mexico consumers against the costs incurred by the public utility to comply with the Standard. El Paso Electric filed an exception to the hearing examiner's recommended decision. Based on that exception, the Commission asked whether El Paso Electric and the owner of the Camino Real Facility would accept a $25 price for the Certificates. The Camino Real Facility's owner responded that a $25 price "jeopardizes the viability of the project." To avoid endangering the plan, the Commission's final order approved the $30 Certificate price.

**{7}**     The City filed a motion for rehearing, but the Commission denied the motion. Notably, in its rehearing request, the City did not ask the Commission to stay any portion of its final order. El Paso Electric's revised Renewable Portfolio Standard Cost Rider, Rate No. 38, took effect on January 1, 2019.

**{8}**     After the Commission denied the City's rehearing request, the City filed a notice of appeal on January 4, 2019, seeking our review of the Commission's final order. On February 8, 2019, the City asked this Court to stay the portion of the Commission's order that approved El Paso Electric's agreement with the Camino Real Facility to purchase the Certificates at a $30 price for a ten-year term beginning on January 1, 2019.

**{9}**     El Paso Electric intervened, as did Four Peaks Energy LLC (Four Peaks) and ENERGYneering Solutions, Inc. (Energy Solutions), the new owner and new operator, respectively, of the Camino Real Facility. Four Peaks and Energy Solutions opposed the City's stay motion, arguing in part that the City failed to exhaust its administrative remedies by first seeking a stay from the Commission. On July 26, 2019, we denied the City's motion for partial stay. Our order explicitly stated that the Court's denial of the City's motion did not preclude the City from seeking a stay before the Commission. We also indicated that we would file an opinion explaining the basis for our decision.

**{10}** In accordance with our July 26, 2019, order, on September 27, 2019, the City sought a stay from the Commission. El Paso Electric opposed the City's motion for stay, arguing only that the Commission lacked jurisdiction to consider the motion. The Commission granted the City's motion for stay on November 6, 2019. The Commission's November 6, 2019, order granting the stay did not modify the substance of the Commission's final order; it simply stayed part of the final order concerning the Certificate payments to the Camino Real Facility.

**{11}** Shortly after the Commission granted the stay, El Paso Electric filed a motion for relief with this Court, which Four Peaks and Energy Solutions joined, seeking to vacate and annul the Commission's stay order. In its motion, El Paso Electric presented three arguments. First, El Paso Electric alleged that the Commission's November 6, 2019, stay order conflicts with this Court's July 26, 2019, order. Second, El Paso Electric argued that the Commission lacked jurisdiction to issue the stay. Third, El Paso Electric claimed that there is no existing requirement that a party seek a stay from the Commission in the first instance and that our July 26, 2019, order therefore signals a change in law or procedure. Thereafter the City filed a response, which the Commission joined, opposing El Paso Electric's motion. After considering the arguments of the parties, we denied El Paso Electric's motion for relief.

**{12}** We now explain both our order denying the City's motion for stay and our order denying El Paso Electric's motion for relief.

## II. DISCUSSION

**{13}** With the preceding background in mind, we begin our review of this matter with a discussion of this Court's jurisdiction and the applicable standards of review. This opinion addresses two separate issues: (A) whether a party looking to stay a final Commission order must seek a stay from the Commission in the first instance before requesting one from this Court and (B) whether the Commission lacked jurisdiction to issue the November 6, 2019, order granting the City's request for a stay.

**{14}** First, the parties agree that this Court has discretion to grant a stay under NMSA 1978, Section 62-11-6 (1983). Our July 26, 2019, order explains that we declined to exercise that discretion by confirming that the Commission, rather than this Court, must hear the matter in the first instance. Whether the City was required to seek a stay from the Commission in the first instance depends on our interpretation of the Rules of Appellate Procedure, involving legal questions that we review de novo. *Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 7, 145 N.M. 650, 203 P.3d 865; *see also In re Estate of McElveny*, 2017-NMSC-024, ¶ 10, 399 P.3d 919 (observing that whether an individual must exhaust administrative remedies is reviewed de novo).

**{15}** Second, following our July 26, 2019, order, the City sought a stay from the Commission, which the Commission granted on November 6, 2019. El Paso Electric then challenged the Commission's November 6, 2019, order through its motion for relief. Rule 12-207 NMRA authorizes an appellate court to review any action or refusal

to act by a district court in matters involving a request for stay. This review may occur at any time after the filing of a notice of appeal. Rule 12-207(A). Rule 12-601 NMRA governs direct appeals from administrative decisions where the right to appeal is provided by statute, and it states that such appeals proceed according to the Rules of Appellate Procedure "notwithstanding any provision of the law to the contrary." Rule 12-601(A), (B). Because NMSA 1978, Section 62-11-1 (1993) provides the right to appeal final orders of the Commission directly to this Court, the Rules of Appellate Procedure apply to such appeals. Rule 12-601; *see also* NMSA 1978, § 62-11-5 (1982) (providing that the Rules of Appellate Procedure govern appeals of Commission final orders in this Court); *In re Held Orders of US West Commc'ns, Inc.*, 1999-NMSC-024, ¶¶ 6, 21, 127 N.M. 375, 981 P.2d 789 (applying Rule 12-601 to appeals from orders issued by the State Corporation Commission, which the Public Regulation Commission replaced during the relevant period as a result of a state constitutional amendment). Accordingly, we review the actions of the Commission regarding a request for stay pursuant to Rule 12-207.

**{16}** Under the standard of review provided by Rule 12-207(D), we will only set aside the Commission's November 6, 2019, order if it "(1) is arbitrary, capricious or reflects an abuse of discretion; (2) is not supported by substantial evidence; or (3) is otherwise not in accordance with law." This is similar to the standard by which we generally review the orders of the Commission. *See, e.g.*, *Attorney Gen. v. N.M. Pub. Regulation Comm'n*, 2011-NMSC-034, ¶ 9, 150 N.M. 174, 258 P.3d 453 ("We review administrative orders to determine whether the Commission's decision is arbitrary and capricious, not supported by substantial evidence, outside the scope of the agency's authority, or otherwise inconsistent with law." (internal quotation marks and citation omitted)).

**{17}** Having established our jurisdiction and the applicable standards of review, we turn now to discuss the two issues presented in this case. First, we clarify that the Rules of Appellate Procedure require a party to seek a stay from the Commission before requesting one from this Court, consistent with the doctrine of exhaustion of administrative remedies and with our role as an appellate court. Second, we address El Paso Electric's challenges to the Commission's order granting the City's request for stay, and we conclude that the Commission had the authority to consider and grant the City's stay request.

### A. A Party Must Request the Stay of a Commission Order from the Commission Before Requesting the Stay from This Court

**{18}** We begin our discussion by clarifying that the Rules of Appellate Procedure require a party to seek the stay of a Commission order from the Commission in the first instance before requesting the stay from this Court. As we will explain, this requirement is consistent with the time-honored obligation to exhaust administrative remedies and with our role as an appellate court.

**{19}** As we have discussed, because Section 62-11-1 provides that appeals of Commission orders come directly to this Court as a matter of right, the Rules of

Appellate Procedure apply to such appeals under Rule 12-601. Rule 12-601(E) specifically states that for such direct appeals of Commission orders we substitute the Commission for the district court throughout the Rules of Appellate Procedure:

> Whenever in these rules a duty is to be performed by, service is to be made on, or reference is made to the district court or a judge or clerk of the district court, the board, commission, administrative agency, or official whose action is appealed from shall be substituted for the district court or a judge or clerk of the district court, except that any request for extension of time must be made to the appellate court.

Rule 12-207 governs stay requests in civil matters and, as explained, applies to appellate review of the Commission's actions regarding a request for stay. Rule 12-207(B) indicates that an "[a]pplication for a stay of the judgment or order of a district court pending appeal . . . must be made in the first instance in the district court." The rule further provides that "[a] motion for review of the district court's action may be made to the appellate court, but the motion shall show that the district court has denied an application, or has failed to afford the relief which the applicant requested[.]" *Id.*

**{20}**     Reading Rules 12-207 and 12-601 together—and substituting the Commission for the district court as required by Rule 12-601(E)—makes clear that an "[a]pplication for a stay of the judgment or order of [the Commission] pending appeal . . . must be made in the first instance [before the Commission]." Rule 12-207(B). We therefore conclude that the City was required by our Rules of Appellate Procedure to request a stay from the Commission before seeking one directly from this Court.

**{21}**     This is consistent with other New Mexico statutes and rules requiring parties seeking to stay the order of an administrative agency or a lower court to first request the stay from that agency or court. *See, e.g.*, NMSA 1978, § 74-6-7(C) (1993) (requiring the Water Quality Control Commission to have denied a party's request for a stay before the party may seek the stay from the Court of Appeals); Rule 1-074(Q)(1)(a) NMRA (requiring a party either to confirm that the agency previously denied the party's stay request or to explain why requesting a stay from the agency in the first instance, before seeking the stay from the district court, is impracticable); Rule 1-075(Q)(1)(a) NMRA (using the same language used in Rule 1-074(Q)(1)(a)); Rule 12-206(A) NMRA (requiring the children's court to deny a party's request for a stay before the party may seek the stay from the Court of Appeals); Rule 12-402(E) NMRA (requiring a party to first request a stay from the Court of Appeals before seeking Supreme Court review); Rule 12-503(M) NMRA (requiring a party seeking either the stay of a district court order concerning a writ of error or the stay of district court proceedings pending appeal to first request the stay in the district court before pursuing appellate court review); *see also* Fed. R. App. P. 18(a)(1) (requiring a petitioner to first request a stay from the agency before seeking the stay in the court of appeals).

**{22}**     Our holding is additionally consistent with the long-standing doctrine of exhaustion of administrative remedies under which a party is ordinarily required to

pursue relief from an administrative agency, where available, before seeking redress from the courts. *See, e.g.*, *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 26, 142 N.M. 786, 171 P.3d 300. We have previously discussed several of the rationales for requiring the exhaustion of administrative remedies. *See generally McElveny*, 2017-NMSC-024, ¶ 25 (discussing five prudential reasons to require the exhaustion of administrative remedies, even when not required by statute). Of particular relevance to this case, requiring a party to exhaust its available administrative remedies gives the administrative agency the opportunity to develop the necessary factual record and apply its expertise to the relevant issues. *Smith*, 2007-NMSC-055, ¶ 26 ("[T]he exhaustion doctrine exists because the interests of justice are best served by permitting the agency to resolve factual issues within its peculiar expertise." (internal quotation marks and citation omitted)). This allows us to conserve our limited judicial resources and preserve our role as a reviewing court. *See Lobato v. N.M. Env't Dep't*, 2012-NMSC-002, ¶ 12, 267 P.3d 65 (noting that the doctrine of exhaustion of administrative remedies promotes judicial economy by "coordinat[ing] the roles of the administrative and judicial branches"); *cf. N.M. Indus. Energy Consumers v. N.M. Pub. Serv. Comm'n*, 1991-NMSC-018, ¶ 25 n.3, 111 N.M. 622, 808 P.2d 592 (concluding that our role as a reviewing court under Section 62-11-1 (1982) supports the conservation of judicial resources).

**{23}**   These rationales for the exhaustion of administrative remedies doctrine are illustrated by the procedural history of this case. In its initial motion for stay before this Court, the City argued that it satisfied the conditions for stay expressed in *Tenneco Oil Co. v. New Mexico Water Quality Control Commission*, 1986-NMCA-033, 105 N.M. 708, 736 P.2d 986.[1] In *Tenneco*, the Court of Appeals set forth the following four-factor test to determine whether to stay an administrative agency order: "(1) a likelihood that applicant will prevail on the merits of the appeal; (2) a showing of irreparable harm to applicant unless the stay is granted; (3) evidence that no substantial harm will result to other interested persons; and (4) a showing that no harm will ensue to the public interest." *Id.* ¶ 10. We note that three of these four factors concern the determination of harm, questions of fact rather than law.

**{24}**   El Paso Electric argued in response to the motion for stay that, because the City did not seek a stay before the Commission, the parties did not have an opportunity to make a record regarding factual matters salient to a stay request. El Paso Electric, as well as Four Peaks and Energy Solutions, asked that we consider the affidavits of the president of Four Peaks and a vice president of El Paso Electric, which they argued demonstrated the harm that a stay would cause the parties involved in the Camino Real Facility. The City moved to strike these affidavits, arguing that the record developed by

---

1We recognize that several parties relied on *Tenneco* to support their arguments both for and against the requirement that the City should have requested a stay from the Commission in the first instance. We find *Tenneco* unpersuasive on this point. In *Tenneco*, a party submitted a stay request to the Court of Appeals directly rather than to the administrative agency. 1986-NMCA-033, ¶ 1. The Court of Appeals acknowledged that a party must exhaust administrative remedies before seeking court review. *Id.* ¶ 8. However, the Court of Appeals then failed to require exhaustion and, instead, applied the four-factor test it previously described to deny the stay. *Id.* ¶¶ 10, 13. We need not resolve this inconsistency in *Tenneco* because our conclusion in this case is based on the Rules of Appellate Procedure.

the Commission was sufficient on the factual issues related to its stay request. Additionally, the City claimed that it had exhausted its administrative remedies by seeking a rehearing from the Commission.

**{25}** We reject the City's claims that its motion for a rehearing exhausted its administrative remedies and that the record was sufficient for our review on the issue of a stay. The City's motion for rehearing before the Commission did not include a request to stay any portion of the Commission's final order. As such, the City's rehearing request did not provide the Commission with the opportunity to develop a record and apply its expertise to the factual issues specifically related to stay requests. Had we adjudicated the merits of the City's motion for partial stay in the first instance, we would have been required to act improperly as fact-finder—either by accepting new evidence not of record before the Commission or by making factual determinations based on the existing and potentially incomplete record. We will not undertake such fact-finding. *See, e.g.*, *State v. Vandenberg*, 2003-NMSC-030, ¶ 18, 134 N.M. 566, 81 P.3d 19 ("As a reviewing court we do not sit as a trier of fact." (internal quotation marks and citation omitted)); *Meiboom v. Watson*, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154 (emphasizing that this Court "on appeal . . . will not assume the role of the trial court and delve into . . . fact-dependent inquir[ies]" (alteration and omissions in original) (internal quotation marks and citation omitted)); *Thurman v. Grimes*, 1931-NMSC-035, ¶ 9, 35 N.M. 498, 1 P.2d 972 ("This is a court of review, not a forum for the trial of causes in the first instance.").[2] As this procedural history demonstrates, requiring the Commission to address the stay issue in the first instance allows for the development of a complete factual record and preserves our role as a court of review.

**{26}** In short, we clarify in this opinion that Rules 12-207 and 12-601, consistent with the doctrine of exhaustion of administrative remedies and with our role as an appellate court, require a party to seek a stay from the Commission in the first instance before requesting one from this Court. Thereafter, we may review the Commission's action on the stay request, pursuant to Rule 12-207, before exercising our discretion under Section 62-11-6 to grant the stay.

## B. The Commission Had Jurisdiction to Consider and Grant the City's Request for a Stay

**{27}** We turn now to El Paso Electric's challenges to the stay issued by the Commission. As we have discussed, following our July 26, 2019, order, the Commission granted the City's request for a stay on November 6, 2019. El Paso Electric challenged

---

2Even in cases where we exercise original jurisdiction, if a lower court has concurrent jurisdiction, we often require a party to seek relief in the first instance from the lower court, particularly when fact-finding is involved. *See, e.g.*, Rule 5-802(M) NMRA (noting that this Court may remand to the district court a habeas petition originally filed with this Court); *Cummings v. State*, 2007-NMSC-048, ¶ 9, 142 N.M. 656, 168 P.3d 1080 (observing that this Court typically does not hold a hearing for fact-finding purposes in habeas cases; instead we obtain the district court's record and exercise our original jurisdiction by reviewing the district court's ruling); *cf. State ex rel. Taylor v. Johnson*, 1998-NMSC-015, ¶¶ 14-17, 125 N.M. 343, 961 P.2d 768 (exercising this Court's original jurisdiction over a petition for writ of mandamus where there were no outstanding factual issues and the dispute involved a purely legal question).

the Commission's November 6, 2019, order through its motion for relief, which we denied. We now explain why we denied El Paso Electric's motion.

**{28}** In its motion for relief El Paso Electric made no arguments against the merits of the Commission's order granting the stay, but rather argued that the Commission lacked jurisdiction to consider and grant the City's stay request. El Paso Electric challenged the Commission's jurisdiction to grant a stay on three grounds, none of which is persuasive. First, we dismiss El Paso Electric's claim that the Commission's November 6, 2019, order granting the stay conflicts with our July 26, 2019, order. As we have discussed, our order explicitly stated that the City was not precluded from seeking a stay from the Commission in the first instance.

**{29}** Second, we reject El Paso Electric's argument that under Section 62-11-6, only this Court—not the Commission—may consider a motion for stay. Although Section 62-11-6 gives us discretion to grant a stay, for the reasons specified in this opinion we decline to consider exercising this discretion unless the party requesting the stay seeks the stay from the Commission in the first instance. Furthermore, the Commission may act on a stay request notwithstanding a pending appeal. Rule 12-207(A), applicable to the Commission through Rule 12-601(E), authorizes an appellate court to review a request for a stay at any time after the notice of an appeal from the Commission has been filed in the appellate court. Because seeking a stay from the Commission is a prerequisite to review by the appellate court under Rule 12-207(A), (B), the Commission must retain jurisdiction to act on a party's request for stay. *See In re Estate of Gardner*, 1991-NMCA-039, ¶¶ 1-5, 112 N.M. 536, 817 P.2d 729 (concluding that under Rule 12-207 and Rule 1-062 NMRA district courts retain jurisdiction "to act on matters of supersedeas or stay during the pendency of an appeal").

**{30}** Third, we disagree with El Paso Electric's claim that there is no existing requirement that a party seek a stay from the Commission in the first instance. As we have explained, the Rules of Appellate Procedure specifically required the City to first seek a stay from the Commission before requesting the stay from this Court. Contrary to El Paso Electric's claim, our decision that a party must seek a stay from the Commission in the first instance is not a change in law or procedure. We are simply clarifying and affirming existing law.

**{31}** For the foregoing reasons, we disagreed with the contention of El Paso Electric that the Commission lacked jurisdiction to grant the City's motion for stay, and consequently our January 3, 2020, order denied El Paso Electric's motion for relief.

## III.    CONCLUSION

**{32}** The City asked this Court to stay a portion of the Commission's final order. The City did so without first seeking a stay from the Commission. We denied the City's motion. Having never formally addressed the appropriate procedure for seeking a stay of a final Commission order, we clarify with this opinion that a party looking to stay a final Commission order must seek a stay from the Commission in the first instance

before requesting one from this Court. This requirement is found in our Rules of Appellate Procedure and is consistent with the doctrine of exhaustion of administrative remedies and with our role as an appellate court.

**{33}**    Following our July 26, 2019, order denying the City's stay request, the City sought a stay from the Commission, which the Commission granted. El Paso Electric challenged the Commission's order, arguing that the Commission lacked jurisdiction to stay this matter. Contrary to El Paso Electric's arguments, we conclude that the Commission had jurisdiction to grant the City's request for a stay. For this reason, we denied El Paso Electric's request that we annul and vacate the Commission's order granting the stay.

**{34}    IT IS SO ORDERED.**

**BARBARA J. VIGIL, Justice**

**WE CONCUR:**

**JUDITH K. NAKAMURA, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**DAVID K. THOMSON, Justice**