This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40424

**EMIR DINI,**

Plaintiff-Appellant,

v.

**DEBORAH ROMERO, in her official capacity; NEW MEXICO DEPARTMENT OF FINANCE AND ADMINISTRATION**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Court Judge**

Emir Dini
Albuquerque, NM

Pro Se Appellant

N.M. Department of Finance & Administration
Nathan A. Adams
Santa Fe, NM

for Appellees

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Appellant appeals from the district court's order denying his motion to compel and request for additional mandamus relief. We issued a notice of proposed summary disposition proposing to affirm, and Appellant has responded with a timely memorandum in opposition. After due consideration, we remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}**     We restate the relevant facts as follows. On August 30, 2021, Appellant filed an emergency petition for peremptory writ of mandamus in the district court in which he argued that he was wrongfully denied benefits under the Emergency Rental Assistance (ERA) program by the New Mexico Department of Finance and Administration (DFA). [RP 7] Appellant asked the district court to issue a peremptory writ of mandamus ordering the DFA to comply with the ERA program guidelines. [RP 8-9]

**{3}**     On March 3, 2022, the district court issued an alternative writ of mandamus, in which it found that the DFA had neither denied nor approved Appellant's application. [RP 163] The district court determined that the DFA had a nondiscretionary duty to determine whether Appellant was eligible for ERA funds, and it ordered the DFA to either issue a decision on Appellant's application for emergency rental assistance or to show cause in writing why it should not by March 25, 2022. [RP 163-164]

**{4}**     On March 23, 2022, the DFA issued a written decision denying Appellant's application. Specifically, the DFA stated that (1) Appellant had failed to provide documentation establishing the obligation to pay rent or having paid rent; (2) the documentation provided by Appellant did not identify the recipient of unemployment benefits; (3) Appellant failed to provide documentation demonstrating the risk of housing instability or experiencing homelessness; (4) hotel receipts provided could not be verified as New Mexico properties; and (5) that the ERA does not provide reimbursement for hotel stays. [RP 176]

**{5}**     On March 28, 2022, Appellant filed an emergency motion to compel and request for further mandamus relief. [RP 166] In his motion, Appellant argued that the DFA had not processed his application in good faith and that he had demonstrated that his application met all eligibility guidelines for assistance. Appellant asked the district court to compel the Secretary and the DFA to process his application in an impartial manner. [RP 166-174] On April 25, 2022, the district court issued an order of dismissal, in which it determined that the DFA had complied with the alternative writ of mandamus when it issued its March 23, 2022 written decision denying the application and giving reasons for the denial. [RP 261-262] The district court stated that it expressed no opinion regarding whether the denial of the application was correct, and it denied Appellant's request for additional mandamus relief on the basis that Appellant had not established that other avenues for appellate review of an administrative decision were unavailable. [RP 262]

**{6}**     We begin by observing that the purpose of mandamus is "to compel a public officer to perform an affirmative act where, on a given state of facts, the public officer has a clear legal duty to perform the act and there is no other plain, speedy, and adequate remedy in the ordinary course of the law." *Mimbres Valley Irrigation Co. v. Salopek*, 2006-NMCA-093, ¶ 11, 140 N.M. 168, 140 P.3d 1117. There are two requirements for mandamus to issue: (1) "the petitioner must establish a clear legal right to the performance of the duty sought to be enforced"; and (2) "the act to be compelled must be ministerial constituting a nondiscretionary duty which the respondent is required to perform." *Kerpan v. Sandoval Cnty. Dist. Atty's Off.*, 1988-NMCA-007, ¶¶ 9,

10, 106 N.M. 764, 750 P.2d 464. "A writ of mandamus, however, will not lie to control discretion lawfully vested in the official functions of a state official." *Wallbro v. Nolte*, 2022-NMCA-027, ¶ 19, 511 P.3d 348; *see also Brantley Farms v. Carlsbad Irrigation Dist.*, 1998-NMCA-023, ¶ 23, 124 N.M. 698, 954 P.2d 763 ("Mandamus does not issue to control a discretionary duty.").

{7}     In our notice of proposed disposition, we proposed affirmance on the basis that the decision whether to grant or deny Appellant's application for ERA funds involved the discretion of the administrative agency, and therefore, the district court's review of the agency's decision by means of a writ of mandamus directing the manner in which it was to consider the application was not appropriate. *See Territory ex rel. Castillo v. Perea*, 1900-NMSC-026, ¶ 12, 10 N.M. 362, 62 P. 1094 (observing that a writ of mandamus will not control the discretion of an officer where a discretion is vested in him or her); *State ex rel. Castillo Corp. v. N.M. State Tax Comm'n*, 1968-NMSC-117, ¶ 16, 79 N.M. 357, 443 P.2d 850 (stating that "the purpose of mandamus is to compel, not control"); *El Dorado at Santa Fe, Inc. v. Bd. of Cnty. Commr's of Santa Fe Cnty.*, 1976-NMSC-029, ¶ 5, 89 N.M. 313, 551 P.2d 1360 (observing that a writ of mandamus cannot be used to direct the performance of a particular act from among two or more allowed alternatives).

{8}     In his memorandum in opposition, Appellant argues that the ERA program requires the DFA to reimburse for hotel stays, and therefore, the DFA's statement that the ERA does not reimburse for hotel stays was a refusal to comply with its nondiscretionary duty to administer the program. [MIO 2-3] Accordingly, Appellant argues that the DFA never complied with the district court's original writ of mandamus, and he was therefore entitled to additional mandamus relief to compel the DFA to administer the ERA program. [MIO 3]

{9}     However, even if we agreed with Appellant that the DFA had a nondiscretionary duty to administer the ERA program to reimburse for hotel stays, in this case, the DFA denied Appellant's application for several other independent reasons. Specifically, the DFA also identified Appellant's failure to provide sufficient documentation demonstrating the obligation to pay rent or having paid rent on a residential dwelling in New Mexico as a basis for denial of the application. The application was also denied due to Appellant's failure to provide documentation demonstrating a risk of housing instability or experiencing homelessness in New Mexico. [RP 203] Appellant has not argued that these separate bases for denial did not involve the discretion of the DFA. Additionally, Appellant has not responded in his memorandum in opposition to our concerns regarding the failure to exhaust administrative remedies and the availability of an adequate remedy at law. *See generally State ex rel. Hyde Park Co. v. Planning Comm'n*, 1998-NMCA-146, ¶ 11, 125 N.M. 832, 965 P.2d 951 ("Where an appeal process is available to a litigant, mandamus is not an appropriate vehicle for challenging an administrative decision."). We therefore adhere to our initial assessment that a writ of mandamus was not available to review the DFA's decision denying Appellant's application because the denial involved the discretionary function of the administrative agency.

**{10}** Finally, we disagree with Appellant's assertion that our Supreme Court's order mandates a different result, as our Supreme Court's order does not alter the scope of the writ of mandamus to allow for district court review of a discretionary decision of an administrative agency.

**{11}** Accordingly, for these reasons and those set out in our initial proposed disposition, we affirm the decision of the district court.

**{12}  IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JACQUELINE R. MEDINA, Judge**