This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39606

**JOSE FABIAN HERNANDEZ,**

Petitioner-Appellant,

v.

**NEW MEXICO RACING COMMISSION,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Lisa C. Ortega, District Court Judge**

Chavez Law Offices, PA
Gene N. Chavez
Albuquerque, NM

for Appellant

Park & Associates, LLC
Alfred A. Park
Geoffrey D. White
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Petitioner Jose Fabian Hernandez appeals the district court's order dismissing his petition for a temporary restraining order (TRO) and preliminary injunction. The petition asked the district court to enjoin the New Mexico Horse Racing Commission (the Commission) from enforcing penalties imposed as a result of an initial administrative ruling while an administrative appeal remained pending before the Commission. In dismissing the petition, the district court stated that Petitioner had failed

to exhaust his administrative remedies. Petitioner argues the district court incorrectly determined that he had failed to exhaust his administrative remedies, pointing out that he requested the Commission to stay the initial ruling and contending there are no other administrative remedies available to stay the penalties while his administrative appeal is pending. We affirm the district court's dismissal based on the doctrine of finality.

## BACKGROUND

{2}     Following positive tests for a banned substance by several of Petitioner's horses, the Sunland Park Racetrack board of stewards (the stewards) held a disciplinary hearing. After the hearing, the stewards issued several "[i]nitial [r]uling[s]," one for each horse that tested positive. Each initial ruling imposed various penalties, including a fine, and specified that failure to pay the fine would result in Petitioner's suspension.

{3}     Petitioner appealed the stewards' rulings to the Commission. Petitioner also asked the Commission's Executive Director (the Executive Director) to stay the fines imposed by the stewards' ruling and the suspension of his horse racing license that would result from non-payment of the fines, which the Executive Director denied. It is undisputed that Petitioner failed to pay the fines, and his license was suspended.

{4}     Following the denial of this stay, and while the administrative appeal to the Commission was pending, Petitioner filed a petition in the district court for a TRO and preliminary injunction (the petition), pursuant to Rule 1-066 NMRA. The petition asked the district court to enjoin the Commission from suspending his license due to non-payment of the fines imposed by the stewards. The district court dismissed the petition, reasoning Petitioner had "administrative remedies available and therefore, has an adequate remedy at law available," and had "failed to exhaust his administrative remedies."

## DISCUSSION

### The District Court Did Not Err in Dismissing the Petition

{5}     Petitioner argues the district court erred in dismissing the petition because the court incorrectly determined that he had failed to exhaust his administrative remedies. *See City of Las Cruces v. N.M. Pub. Regul. Comm'n*, 2020-NMSC-016, ¶ 22, 476 P.3d 880 (stating that under the doctrine of exhaustion of administrative remedies, "a party is ordinarily required to pursue relief from an administrative agency, where available, before seeking redress from the courts"). Petitioner argues that he has exhausted the administrative remedies available to stay enforcement of the stewards' rulings by requesting such a stay from the Executive Director. *See* 15.2.1.9(B)(10)(a) NMAC (providing that "[a] person who has been disciplined by a ruling of the stewards may apply to the agency director for a stay of the ruling"). The Commission responds that Petitioner failed to exhaust his administrative remedies because his administrative appeal before the Commission was pending when he filed his petition in the district court.

**{6}**     Petitioner fails to address the impact of his pending administrative appeal on the district court's authority to dismiss the petition and acknowledged in the petition that he had yet to receive a final order from the Commission. The narrow issue, then, is whether the district court could properly dismiss the petition where the Commission had yet to issue a final order. *See Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844 ("Whether an order is a 'final order' within the meaning of the statute is a jurisdictional question that an appellate court is required to raise on its own motion."); *see also White v. Farris*, 2021-NMCA-014, ¶ 23, 485 P.3d 791 ("The district court's appellate jurisdiction, like our own, is generally confined to appeals from final judgments."). Under this circumstance, we decline to unnecessarily decide whether Petitioner exhausted his administrative remedies because we conclude that the district court properly dismissed the petition based on the related doctrine of finality. *See Callahan v. N.M. Fed'n of Tchrs.-TVI*, 2005-NMCA-011, ¶ 16, 136 N.M. 731, 104 P.3d 1122 (noting that "[t]he exhaustion doctrine is closely related to the finality doctrine"), *aff'd in part, rev'd in part on other grounds*, 2006-NMSC-010, ¶ 3, 139 N.M. 201, 131 P.3d 51. We explain.

**{7}**     Pursuant to Rule 1-066, Petitioner sought to stay enforcement of penalties imposed by the stewards' ruling by seeking a TRO and preliminary injunction. We recognize that "injunctions are common-law claims falling under district courts' original jurisdiction," *Anderson v. State*, 2022-NMSC-019, ¶ 21, 518 P.3d 503, and that "a stay pending appeal is a substantive right." *Grassie v. Roswell Hosp. Corp.*, 2008-NMCA-076, ¶ 8, 144 N.M. 241, 185 P.3d 1091. Nevertheless, "restrictions on the time and place of exercising" such a right "are procedural and within the Supreme Court's rule making power." *See Anderson*, 2022-NMSC-019, ¶ 22 (internal quotation marks and citation omitted). We conclude that, although the petition seeking an injunction fell under the district court's original jurisdiction, Rule 1-075 NMRA placed "restrictions on the time . . . of" Petitioner's exercise of this right. *See Anderson*, 2022-NMSC-019, ¶ 22 (internal quotation marks and citation omitted).

**{8}**     "Rule 1-075 provides the procedural mechanism to review decisions of 'administrative officers and agencies pursuant to the New Mexico Constitution when there is no statutory right to an appeal or other statutory right of review.'" *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 22, 142 N.M. 786, 171 P.3d 300 (quoting Rule 1-075(A)); *see also Madrid v. Vill. of Chama*, 2012-NMCA-071, ¶ 5, 283 P.3d 871 ("Under Rule 1-075, when appeals arise out of administrative proceedings, the district court takes up the issues under its appellate jurisdiction.").[1] Here, the issue on appeal—whether the district court had authority to stay enforcement of penalties imposed by the stewards' ruling pending Petitioner's administrative appeal—arises out of two administrative decisions provided for by the Commission's regulations. First, the stewards held a disciplinary hearing to determine whether Petitioner had violated horse racing rules based on positive drug tests of several horses. *See* 15.2.1.9(B)(1) NMAC (stating that the stewards may conduct a disciplinary hearing). The stewards then issued rulings,

---

[1]Petitioner does not dispute that there is no statutory right to appeal the Commission's ruling to the district court.

which resulted in suspension of Petitioner's license based on his failure to pay fines imposed by these rulings. *See* 15.2.3.8(B)(1)(a), (d) NMAC (stating that "[t]he stewards shall enforce these rules and the racing laws of this state" and that "[w]henever the stewards find any person culpable for any act . . . in violation of these regulations or . . . the Horse Racing Act, the person shall be subject to disciplinary action, which could include a fine, suspension . . . or any combination of these penalties"). Second, Petitioner requested that the Executive Director stay the stewards' fines and the suspension that would result from non-payment of these fines, and the Executive Director denied the request. *See* 15.2.1.9(B)(10)(a), (d) NMAC (stating that "[a] person who has been disciplined by a ruling of the stewards may apply to the agency director for a stay of the ruling" and that, "[o]n a finding of good cause, the agency director may grant the stay"). Only after the Executive Director's denied Petitioner's request for a stay did he seek this remedy in the district court. In effect, Petitioner appealed the Executive Director's denial of his stay request to the district court.

**{9}** Rule 1-075 specifically contemplates review by the district court of such an administrative denial of a stay request. Indeed, Rule 1-075 provides a procedural mechanism whereby a party may petition the district court to stay enforcement of an administrative order after the agency has denied the party's request for a stay. *See* Rule 1-075(Q)(1) (providing that, "[u]pon motion, the district court may stay enforcement of the order or decision under review" and that the motion "must . . . state that a request for stay was previously made to the agency and was denied, or explain why seeking a stay from the agency in the first instance would be impracticable"). Rule 1-075 thus more specifically addresses the administrative origin of Petitioner's action in the district court than Rule 1-066. *See Madrid*, 2012-NMCA-071, ¶ 5. "[A]s a general rule, . . . when two statutes deal with the same subject, one general and one specific, the specific statute controls." *Moongate Water Co. v. City of Las Cruces*, 2014-NMCA-075, ¶ 15, 329 P.3d 727; *see Walker v. Walton*, 2003-NMSC-014, ¶ 8, 133 N.M. 766, 70 P.3d 756 ("Rules of statutory construction are applied when construing rules of procedure adopted by [our] Supreme Court."). We also note that Petitioner does not dispute the Commission's argument that he was obliged to appeal the Commission's denial of a stay pursuant to the procedure set forth in Rule 1-075(Q) rather than under Rule 1-066. Because Rule 1-075 more specifically addresses the administrative origin of Petitioner's action in the district court, and in the absence of any argument from Petitioner addressing Rule 1-075, we conclude that Rule 1-075 may place "restrictions on the time . . . of exercising th[e] right" to seek an injunction of an administrative decision where the injunction amounts to an appeal of a previous denial of such an injunction by an administrative official. *See Anderson*, 2022-NMSC-019, ¶ 22 (internal quotation marks and citation omitted); *cf. Smith*, 2007-NMSC-055, ¶ 23 ("Given that the [petitioners] chose to initiate the administrative appeals process as their method for securing a permit to drill their wells, we believe that sound judicial policy and the limitations inherent in all declaratory judgment actions required that the [petitioners] seek judicial review of the . . . administrative decision" pursuant to the "time frame imposed by Rule 1-075.").

**{10}** Having so concluded, we examine what restrictions Rule 1-075 places on the time to appeal an agency's denial of a stay request. Rule 1-075(Q) provides that a petitioner may move the district court to stay enforcement "of the order or decision under review." This order or decision under review is "a final decision or order of an agency." Rule 1-075(B), (D). Accordingly, Rule 1-075 restricts the timing of filing a motion to stay an administrative order until the agency has issued a final order.

**{11}** Regulations issued by the Commission, in turn, indicate that where a decision of the stewards is appealed to the Commission, as here, the Commission's ruling constitutes the "final order." *See* 15.2.1.9(B)(9)(a) NMAC ("A person who has been aggrieved by a ruling of the stewards may appeal to the commission."); 15.2.1.9(C)(17)(a) NMAC ("[T]he commission shall issue its final order not later than [thirty] days after the date the commission votes on the ultimate issues in the proceeding. A final order of the commission must be in writing and be signed by at least one member of the members of the commission who voted in favor of the action taken by the commission. A final order must include findings of facts and conclusions of law, separately stated."). *See generally* 15.2.1.9(C) NMAC (providing extensive guidelines governing appeals to the Commission, including procedures for filing pleadings, issuing subpoenas, managing discovery, holding the hearing, issuing a final order, and requesting a rehearing).

**{12}** Petitioner acknowledged in his petition that the Commission had not yet issued a "final order." *See* 15.2.1.9(C)(17)(a) NMAC; *cf. In re Doe*, 1982-NMCA-042, ¶¶ 4-6, 97 N.M. 707, 643 P.2d 271 (stating that, in general "an order granting a temporary injunction until a final hearing of the case does not practically dispose of the merits of the action, and consequently is not an appealable order," but nonetheless concluding that the appeals court had jurisdiction to review the district court's TRO decision because the district court's denied the TRO after issuing its disposition and judgment (alteration, internal quotation marks, and citation omitted)). Lacking a final order, the district court properly dismissed the petition. *See Khalsa*, 1998-NMCA-110, ¶ 12; *Madrid*, 2012-NMCA-071, ¶ 5.

**{13}** This determination furthers a purpose behind the principle of finality: "the prevention of piecemeal appeals and the promotion of judicial economy." *Handmaker v. Henney*, 1999-NMSC-043, ¶ 7, 128 N.M. 328, 992 P.2d 879; *accord State ex rel. Hyde Park Co. v. Plan. Comm'n of City of Santa Fe*, 1998-NMCA-146, ¶ 14, 125 N.M. 832, 965 P.2d 951 (stating that "the policy against piecemeal appeals . . . underlies the doctrine of exhaustion of administrative remedies" (citation omitted)). Were we to allow Petitioner to seek a stay of enforcement of the stewards' initial ruling in the district court, before the Commission issued its final order, Petitioner could conceivably seek a second stay from the district court—this time of the Commission's final order—pursuant to Rule 1-075(Q). The district court might then be obliged to decide two separate stay petitions relating to the same underlying conduct.

**{14}** Moreover, these two separate petitions to stay agency rulings would, somewhat illogically, be reviewed by the district court under different standards. *See Regents of*

*Univ. of N.M. v. Armijo*, 1985-NMSC-057, ¶ 5, 103 N.M. 174, 704 P.2d 428 ("Statutes [and Rules] should be construed so as to avoid illogical results."). That is, to obtain a TRO or preliminary injunction, "a movant must . . . show that . . . there is a substantial likelihood movant will prevail on the merits." *Grisham v. Romero*, 2021-NMSC-009, ¶ 20, 483 P.3d 545 (alterations, internal quotation marks, and citation omitted). Thus, in deciding whether to stay enforcement of the stewards' initial ruling pursuant to the district court's original jurisdiction while the administrative appeal was pending before the Commission, the district court would apparently consider the likelihood that the petitioner would prevail on the merits before the Commission. By contrast, in deciding whether to stay the Commission's final order pursuant to Rule 1-075(Q)(1)(c)((ii), the district court would apparently consider whether " [a] petitioner is likely to prevail on the merits of the appeal [before the district court]" based on a different standard: whether the Commission's ruling was fraudulent, arbitrary, capricious, not supported by substantial evidence, outside the scope of authority of the agency, or not in accordance with law. *See* Rule 1-075(R). Such an illogical result weighs against this approach.

**{15}** Finally, allowing a petitioner to receive a stay of enforcement of a stewards' ruling from the district court while an administrative appeal is pending could frustrate the operation of the Horse Racing Act and its enabling regulations, which provide the Executive Director discretion to stay the stewards' ruling and, in certain cases, the authority to change this decision. *See* NMSA 1978, § 60-1A-3(H) (2007) (granting the Commission authority to "establish the executive director's duties"); 15.2.1.9(B)(10)(d) NMAC ("On a finding of changed circumstances or upon appellant's request for a continuance, the [executive] director may rescind a stay granted under this subsection."); *see also Rutherford v. Chaves Cnty.*, 2003-NMSC-010, ¶ 24, 133 N.M. 756, 69 P.3d 1199 ("Statutes are to be read in a way that facilitates their operation and the achievement of their goals.").

**{16}** We are sympathetic to Petitioner's situation—awaiting the Commission to rule on his administrative appeal some years after its filing but unable to use his license in the meantime. To the extent Petitioner protests the Commission's delay in deciding his administrative appeal, however, we note that Petitioner does not dispute that he could have, but did not move the officer presiding over his administrative appeal to dismiss the proceeding, with or without prejudice, in the interests of justice. *See* 15.2.1.9(C)(16) NMAC (stating that, on a party's motion "the presiding officer may dismiss a proceeding, with or without prejudice, under conditions and for reasons that are just and reasonable"). Petitioner does not argue that such a request would prove futile. We also express no opinion as to the propriety of seeking a writ of mandamus directing the Commission to set a date for Petitioner's administrative appeal. *See* NMSA 1978, § 44-2-4 (1884) (providing that a writ of mandamus "may be issued to any inferior tribunal . . . to compel the performance of an act which the law specially enjoins as a duty resulting from an office"); *Ross v. State Racing Comm'n*, 1958-NMSC-117, ¶¶ 21-22, 64 N.M. 478, 330 P.2d 701 ("The remedy of mandamus may be extended to discretionary tasks, but ordinarily only to the *doing* of them and not to the manner in which the discretionary task shall be performed.").

**CONCLUSION**

**{17}** Based on the foregoing, we affirm the district court's dismissal of the petition.

**{18}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**